MILTON BRAUSE et al., Respondents, v. FIRST NATIONAL REAL ESTATE TRUST et al., Appellants.— Order, entered October 28, 1965, unanimously reversed, on the law, with $50 costs and disbursements to defendants-appellants, and motion of defendants to dismiss complaint for insufficiency granted, with $10 costs. No action may be predicated upon the defendants' purchase offers and acts alleged to have induced the Surrogate's Court to reopen the bidding for the real property and to render an order increasing the price required to be paid by plaintiffs for the same. Since plaintiffs' contract for the

purchase of the property, as originally formulated, was expressly conditioned on the approval by the Surrogate's Court of the contract, including the terms of the purchase, no breach of the contract occurred as a result of the action of the Surrogate's Court; and, thus, this action is not maintainable as one to recover damages for inducing a breach of contract. (32 N. Y. Jur., Interference, § 20; *Israel* v. *Wood Dolson Co.*, 1 N Y 2d 116.) Furthermore, the action does not lie as one to recover damages on the theory that defendants' acts amounted to wrongful interference with plaintiffs' contractual relations or opportunities. The plaintiffs' rights were subject to further bona fide bidding for the property and to the taking of proper proceedings in the Surrogate's Court on the basis of such bidding. Implicit in the condition requiring approval of the original contract by the Surrogate's Court was the requirement that the plaintiffs pay a price which would be approved by such court. The Surrogate possessed a broad discretion in the matter and was entittled to reject the plaintiffs' contract for inadequacy in price. (See 12 Carmody-Wait, New York Practice, §§ 1649, 1651, pp. 349–351.) It was proper and right that the Surrogate should be notified of and receive any and all bona fide offers of a higher price for the property; and, as a matter of public policy, the bidders should incur no liability in connection with any such offers. It is immaterial that the respective purchase offers of the several defendants were made with the intent to deprive plaintiffs of the advantages of the price fixed in the first instance and with the intent to respectively gain personal benefits and advantages for themselves. Under the circumstances, the defendants' acts were not unlawful; it does not appear that the defendants' conduct was fraudulent or dishonest; and there is no allegation that they acted improperly or with the intent solely to injure the plaintiffs without any expectation of economic advantage. Consequently, this action is not maintainable. (See Restatement, Torts, §§ 766, 768, 769; Prosser, Torts [3d ed.], § 123; *Terry* v. *Dairymen's League Assn.*, 2 A D 2d 494; *Navarro* v. *Fiorita*, 271 App. Div. 62, affd. 296 N. Y. 783; *Morrison* v. *Frank*, 81 N. Y. S. 2d 743 [Botein, J.].) Concur — Breitel, J. P., Rabin, McNally, Eager and Staley, JJ.