Michael A. Telesca, S.
Decedent Gorrow D. Peck died owning a certain parcel of land located at Lake Placid, New York, known as *‘ Edgehill Place ’ ’ and consisting of approximately two acres of land and a dwelling. Petitioner Janice A. Peek, the administratrix of the estate of Gorrow D. Peck, has determined that the property must be ,sold in order that the administration expenses and claims against the estate may be paid.
Submitted, to this court is an appraisal by a Lake Placid realtor wherein the subject property is evaluated at $10,000. Petitioner has executed two purchase contracts for the sale of the subject premises. A purchase offer, dated July 25, 1974, in the amount of $10,000 was submitted to the petitioner by Gustave F. Lussi and Thelma M. Lussi. Petitioner thereupon submitted a counteroffer in the amount of $12,000, with the counteroffer being made subject to the authorization of the Monroe County Surrogate. The Lussis accepted the counteroffer on August 12, 1974, with the acceptance stating that the “sale shall be subject to the approval of the Monroe County Surrogate”. A second, purchase offer, dated August, 1974 in the amount .of $11,500 was submitted to the petitioner by Fredy Fluhmann and Sonia Fluhmann. A counteroffer in the amount of $15,000 was submitted by petitioner which was expressly *1054 made subject to the ‘ ‘ authorization of the Monroe County Surrogate and also 'subject to the Surrogate not authorizing the sale of said premises pursuant to an agreement between the seller and Mr. and Mrs. Lussi, also to be presented to the Surrogate for approval ’ ’. This counteroffer was accepted by the Fluhmanns.
Petitioner has requested this court to approve that purchase contract which would be in the best interests of the estate. It is the position of the petitioner that the Fluhmann contract Should be approved .since the higher offer would be in the best interests' of the estate. The Lussis, in opposition to the petition, contend that this court lacks jurisdiction to make this determination.
Jurisdiction to determine the question presented herein is conferred upon the court by SOPA 2107 (subd. 1), which provides as follows: “ Whenever the value of property of an estate is uncertain or dependent upon the time and manner of sale thereof the fiduciary may apply by petition to the court for advice and direction as to the propriety, price, manner and time of sale thereof”. Pursuant to SOPA 2107 (subd. 2), substantial compliance with the court’s direction will relieve the fiduciary of any objections to the effect that the estate suffered any losses by reason of the price realized or the time or manner of the sale.
The petitioner has executed two purchase contracts for the sale of decedent’s property, with the only distinction between the two contracts being the purchase price. Ordinarily, where an administrator is presented with two purchase offers, recourse to this count for approval would not be necessary or even proper since EPTL 11-1.1 gives the administrator sufficiently broad powers to exercise his discretion in accepting the offer which would be in the best interests of the estate. (See Matter of Osterndorf, 75 Misc 2d 730.)
However, in the instant case, the administratrix could possibly be subjecting the estate to potential liability if she were to make the determination of which contract vendee to Whom to sell the property without the advice and direction of this court. Since leigal considerations are involved, it is altogether proper for the administratrix to invoke the jurisdiction of this court pursuant to SOPA 2107, in resolving the dispute regarding the two purchase contracts. (See, e.g., Matter of Jones, 8 NY 2d 24; Matter of Van Valkenburgh, 164 Misc. 295.)
In addition to the statutory authority of this court to resolve the dispute presented herein, the administratrix and the two *1055 contract vendees have consented to the jurisdiction of this court by reason of the explicit language contained in the two purchase contracts. While it is true that subject matter jurisdiction may be conferred upon this court only by statute and not by the consent of the parties (Beardslee v. Dolge, 143 N. Y. 160; Matter of Walker, 136 N. Y. 20; Matter of Esser, 38 Misc 2d 963; 1 Warren’s Heaton, Surrogates’ Courts, § 29, par. 6) (the parties themselves may confer jurisdiction of their persons by consent. (Meyers v. American Locomotive Co., 201 N. Y. 163; 1 Warren’s Heaton, supra.) Clearly, this court has subject matter jurisdiction under the broad grant of authority of SCPA 201, and the Lussis, having contractually consented to the jurisdiction of this court over their persons, are no longer in a position to object to the jurisdiction of this court to determine the matter before it.
The Fluhmann purchase contract being in excess of the Lussi purchase contract by the isum of $3,000, it would be unquestionably in the best interest of the estate to approve the former. Accordingly, the Fluhmann contract is approved, and the petitioner is directed to convey the subject premises to the Fluhmanns in consideration of the sum of $15,000.