■ E. Vincent Iorio et al., Appellants, v Donald B. Read et al., Respondents.—In an action for specific performance of a contract for the purchase of real property or to recover damages for the breach thereof, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Wood, J.), entered October 9, 1987, which (1) denied their motion to amend their summons and amended complaint to add party defendants and for summary judgment in their favor, and (2) granted the defendants' cross motion to dismiss the amended complaint.

Ordered that the order is modified, by deleting the provisions thereof which denied that branch of the plaintiffs' motion which was for summary judgment on their cause of action to recover monetary damages and granting that branch of the cross motion which was to dismiss the cause of action for monetary damages and substituting therefor a provision

granting that branch of the motion and denying that branch of the cross motion and directing the defendants to return the $100,000 down payment to the plaintiffs and to reimburse the plaintiffs for their reasonable costs with respect to the title examination, survey and survey inspection; as so modified, the order is affirmed, with costs to the plaintiffs, and the matter is remitted to the Supreme Court, Westchester County, for a hearing to determine the amount of the plaintiffs' reasonable costs with respect to the title examination, survey, and survey inspection.

On April 27, 1987, the plaintiffs and the defendants entered into a contract for the purchase of certain land and fixtures located in Purchase, New York, for the price of $4,600,000. The property is included in the sizeable estate left by Edith Fabyan Read and administered by the defendants.

The defendants sought permission from the Surrogate's Court, Westchester County, to convey the property to the plaintiffs in accordance with the contract. Notification of the proceeding was given to all interested parties. By order dated June 15, 1987, Surrogate Brewster found the contract not to be in the best interest of the estate, declared it null and void, and directed that the property be sold at public auction as so to realize the highest amount possible. It appears that other parties had offered higher amounts than the plaintiffs for the property.

In a proceeding for Surrogate's approval of a sale at a higher price, the plaintiffs moved to intervene and argued that their contract with the defendants was still in full force and effect. After a hearing on the plaintiffs' motion, the Surrogate, by memorandum decision dated August 12, 1987, held that plaintiffs were not proper parties to the action as the contract had been vitiated in the prior proceeding. The Surrogate held that his approval was required for the sale of the property under the subject will and that the prior decision was binding upon the plaintiffs. The plaintiffs then commenced the instant action.

Upon a review of the record, we find that the contract between the plaintiffs and the defendants was clearly predicated upon the defendants' receiving the approval of the sale by the Surrogate. Indeed, paragraph 21 of the contract indicates that the seller had no authority to execute and deliver a deed to the property unless authorized to do so by the Surrogate. Since both parties were aware of and expressly agreed to such conditions, that court's jurisdiction over this matter may not be denied (see, Brause v First Natl. Real Estate Trust, 25

AD2d 624, *affd* 26 NY2d 737; *Israel v Wood Dolson Co.,* 1 NY2d 116; *Meyers v American Locomotive Co.,* 201 NY 163; *Matter of Peck,* 79 Misc 2d 1053). With the Surrogate's disapproval of the sale, the contract between the plaintiffs and the defendants was properly canceled and dismissal of this action is warranted.

We find, however, that the plaintiffs are entitled to recover their down payment of $100,000 and certain expenses arising out of the contract. Paragraph 21 of the contract provides that, in the event that defendants were unable to obtain the Surrogate's approval, the sellers were to instruct their escrow agent to repay the deposit to the buyers and to pay the reasonable costs incurred by the buyers in connection with the title examination, survey and survey inspection. As the record is barren as to the amount of such expenses, the matter must be remitted to the Supreme Court, Westchester County, for a hearing to determine the amount which is to be reimbursed to the plaintiffs. Bracken, J. P., Kunzeman, Spatt and Sullivan, JJ., concur.