OPINION OF THE COURT
Lee L. Holzman, J.
In this proceeding pursuant to SCPA article 19 for an order authorizing the administratrix c. t. a. to sell real property devised under decedent’s will, the issue presented is whether *189 the court should withhold its consent to a sale where the contract of sale provides for court approval, the specific devisees oppose the sale and they are willing to pay their pro rata share of the estate expenses.
Respondents are the specific devisees of one of the parcels of realty sub judice. Petitioner asserts that the genesis of this application is the need to liquidate estate assets, which consist almost entirely of two parcels of real property, in order to pay taxes, funeral expenses, claims against the estate, commissions, and other administration expenses. When the matter appeared on the calendar on the adjourned date, the respondent who appeared took the position that respondents desired to receive the real property in kind (SCPA 2216). Respondents advised the court that they were willing to pay their pro rata share of administration expenses, taxes, and debts in order to obviate the necessity for a sale of the realty.
The parties have now stipulated that respondents shall deposit the sum of $11,500 in escrow to cover their pro rata share of the above expenses. In view of the fact that the other principal asset of the estate is also nonliquid, respondents’ pro rata share of administration expenses, taxes, and debts cannot be definitively stated at this time. Accordingly, the deposit required by the stipulation comprises an amount believed by the parties to be sufficient to cover respondents’ proportionate share of expenses. However, subject to the approval of this court, petitioner had previously entered into a contract for the sale of the realty at issue. Accordingly, petitioner takes the position that she must sell the realty pursuant to the contract of sale unless the court declines to approve the sale.
With regard to real property passing through an estate, the law presents the anomalous situation in which, although title to the property technically vests in the devisees relating back to the date of decedent’s death once the will is admitted to probate (see, Matter of Salomon, 252 NY 381; Matter of Timoschuk, 52 AD2d 661), the executor nevertheless has the power to sell the real property, if such a sale is necessary in order to pay debts, administration expenses, estate taxes, or for the purposes of distribution (SCPA 1902,1908). However, it has also been settled that if all of the devisees are competent adults and request distribution in kind and the fiduciary will not incur any liability as a result of making the distribution, then the fiduciary must distribute the real property in kind to the devisees (Matter of Fello, 88 AD2d 600, affd 58 NY2d 999; Trask v Sturges, 170 NY 482; Matter of Sherburne, 95 AD2d *190 859). By placing sufficient funds in escrow to cover estate expenses, respondents have provided the executrix with all of the assurance that she needs that their share of the expenses will be paid. Therefore, there is no reason why the devisees should be deprived of the real property which decedent wanted them to have and the title to which is, in any event, technically vested in them at the present time. The contract vendee should not be heard to complain because the proposed sale was "clearly predicated” upon obtaining the approval of this court (Iorio v Read, 143 AD2d 70, 71).
Accordingly, the court accepts the stipulation of settlement previously filed herein and withholds its consent to the conveyance of the property pursuant to the contract of sale dated June 1989.