■ NATURE'S BOUNTY, INC., et al., Respondents, v STURDEE HEALTH PRODUCTS CO., INC., et al., Defendants. PDK LABS, INC., Intervenor-Appellant. [613 NYS2d 903] —Judgment of the Supreme Court, Suffolk County (Alan D. Oshrin, J.), entered October 16, 1991, which, *inter alia,* adjudged that plaintiffs be granted specific performance of four purchase agreements, dated August 6, 1990, as modified by a Modification Agreement, dated May 2, 1991, unanimously reversed, on the law, and plaintiffs' motion for summary judgment granting specific performance of said purchase agreements denied; and order of the same court and Justice, entered on or about September 24, 1991, which, *inter alia,* granted plaintiffs' motion for summary judgment granting specific performance of the said purchase agreements, is dismissed as subsumed in the above judgment, with one bill of costs and disbursements of these appeals payable to intervenor-appellant.

Defendants entered into four interlocking agreements for the sale of their substantial mail order assets to plaintiff Nature's Bounty and various subsidiaries. A short time after the execution of the agreements, Kenneth Kerpen sought and obtained a conservatorship for his father, Leo Kerpen, the major stockholder and partner of defendants. Both the purchase agreements and a subsequent Modification Agreement provided for "court approval" of the terms of the purchase. Suffolk Special Term and the plaintiffs assert that this requirement for "court approval" was simply meant to define when the closing of the sale would occur. However, the requirement for court approval, under the circumstances herein, was a condition precedent to the performance of the contract of sale. Therefore, the agreements between the parties formed only a prospective contractual relationship which depended upon court approval to become a binding contract. "Implicit in the condition requiring approval of the original contract by the Surrogate's Court was the requirement that the plaintiffs pay a price which would be approved by such court. The Surrogate possessed a broad discretion in the matter and was entitled to reject the plaintiffs' contract for inadequacy in price." *(Brause v First Natl. Real Estate Trust,* 25 AD2d 624, 625, *affd* 26 NY2d 737.)

Accordingly, the nisi prius court's determination, as a mat-

ter of law, that "court approval" was not a condition precedent and its grant of summary judgment to plaintiffs were erroneous. Concur—Carro, J. P., Wallach, Asch, Nardelli and Williams, JJ.