In an action pursuant to RPAPL article 15 to quiet title to real property, the defendant Joyce M. Sorrento, also known as Joyce M. Semler, appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated February 29, 2016, which granted those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against her and dismissing her counterclaims, denied her cross motion for summary judgment dismissing the complaint insofar as asserted against her, and, thereupon, directed that a discharge of mortgage dated May 4, 2007, be cancelled and expunged from the record.
 

 Ordered that the order is affirmed, with costs.
 

 On January 6, 2006, the defendant Joyce M. Sorrento, also known as Joyce M. Semler, executed a note and mortgage in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for American Brokers Conduit (hereinafter ABC), on real property in Staten Island. On April 17, 2007, MERS, as nominee for ABC, assigned the mortgage to American Home Mortgage. On the same date, Sorrento executed a consolidation, extension, and modification agreement (hereinafter the CEMA), which consolidated the note dated January 6, 2006, with another note secured by a mortgage in favor of American Home Mortgage. The mortgages securing the two notes were consolidated to form a single lien. The CEMA was assigned to the plaintiff in August 2009.
 

 Meanwhile, on May 4, 2007, MERS, as nominee for ABC, executed a discharge of mortgage, certifying that the mortgage dated January 6, 2006, had been satisfied. The discharge of mortgage was recorded on May 15, 2007.
 

 In September 2013, the plaintiff commenced this action to cancel and expunge the discharge of mortgage. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Sorrento and dismissing Sorrento’s counterclaims, which alleged that the complaint was improper and frivolous. Sorrento cross-moved for summary judgment dismissing the complaint insofar as asserted against her, contending that the action was time-barred pursuant to CPLR 213 (6). The Supreme Court granted those branches of the plaintiffs motion, denied Sorrento’s cross motion, and directed that the discharge of mortgage be cancelled and expunged from the record.
 

 Contrary to Sorrento’s contention, the Supreme Court properly concluded that the action was not time-barred. The discharge of mortgage executed and recorded by MERS was void at its inception since MERS had no interest in the mortgage it purported to discharge, having already assigned it to American Home Mortgage prior to executing the discharge of mortgage (see Bank of N.Y. Mellon Trust Co., N.A. v Claypoole, 150 AD3d 505, 506 [2017]; cf. Faison v Lewis, 25 NY3d 220, 223 [2015]). Since “a statute of limitations cannot validate what is void at its inception,” the statute of limitations did not act as a bar to this action (Faison v Lewis, 25 NY3d at 230; see Bank of N.Y. Mellon Trust Co., N.A. v Claypoole, 150 AD3d at 506).
 

 Accordingly, the Supreme Court properly denied Sorrento’s cross motion for summary judgment dismissing the complaint insofar as asserted against her as time-barred. Moreover, since the discharge of mortgage was void, the court properly granted those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against Sorrento and dismissing her counterclaims, and properly directed that the discharge of mortgage be cancelled and expunged from the record.
 

 Sorrento’s remaining contentions need not be reached in light of our determination.
 

 Mastro, J.R, Rivera, Sgroi and Maltese, JJ., concur.