OneWest Bank v Schiffman (2019 NY Slip Op 06782)





OneWest Bank v Schiffman


2019 NY Slip Op 06782


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-04928
 (Index No. 504778/14)

[*1]OneWest Bank, respondent,
v
Jerry Schiffman, et al., appellants.


Law Office of Samuel Katz, PLLC, Brooklyn, NY, for appellants.
Stagg, Terenzi, Confusione & Wabnik, LLP, Garden City, NY (Ronald M. Terenzi and Cara M. Goldstein of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Debra Silber, J.), dated March 31, 2017. The order and judgment, insofar as appealed from, upon an order of the same court entered February 17, 2017, granted the plaintiff's motion for declaratory relief, denied that branch of the defendants' cross motion which was, in effect, pursuant to CPLR 3012(d), to extend their time to answer the complaint, and thereupon, to dismiss the complaint as barred by the statute of limitations, and declared a satisfaction of mortgage dated November 24, 2006, and recorded on December 4, 2006, null and void and cancelled nunc pro tunc as of November 24, 2006.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
The defendants are the owners of real property located in Brooklyn. In September 2005, the defendants obtained a loan from Fremont Investment & Loan (hereinafter Fremont), secured by a mortgage on the property (hereinafter the first mortgage) in the amount of $315,000. The debt and security was documented by a note (hereinafter the first note) and mortgage agreement in favor of Fremont. In October 2006, Fremont assigned the note and mortgage to IndyMac Bank FSB (hereinafter IndyMac). However, thereafter, Fremont erroneously executed and recorded a satisfaction of mortgage in favor of the defendants indicating that the first mortgage had been satisfied and discharged.
In November 2006, the defendants secured a second note and mortgage from IndyMac, which was consolidated with the first note and mortgage. IndyMac assigned its interests in the consolidated mortgages and notes to the plaintiff, OneWest Bank (hereinafter OneWest), in December 2011. By summons and verified complaint dated May 22, 2014, OneWest commenced this action pursuant to RPAPL article 15, inter alia, to declare null and void and to cancel nunc pro tunc the erroneously filed and recorded satisfaction of mortgage. According to the complaint, through error and inadvertence, the satisfaction of mortgage with respect to the first mortgage had been filed and recorded, even though the amounts due and owing under the first mortgage had been consolidated into two later executed consolidation extension and modification agreements. The summons and complaint was served upon the defendants at their residence, the subject premises, on [*2]June 18, 2014. The defendants did not appear in the action or answer.
OneWest moved for declaratory relief, confirming the default of all defendants and declaring the erroneously recorded satisfaction of mortgage null and void and cancelling it nunc pro tunc. The defendants opposed the motion and cross-moved, inter alia, in effect, pursuant to CPLR 3012(d) to extend their time to answer the complaint in the interest of justice, and thereupon, to dismiss the complaint as barred by the statute of limitations. By order dated February 16, 2017, the Supreme Court granted OneWest's motion and denied the defendants' cross motion, based upon the defendants' "failure to provide a reasonable excuse for their default." An order and judgment was thereafter entered, inter alia, declaring the satisfaction of mortgage null and void and cancelled nunc pro tunc as of November 24, 2006. The defendants appeal. We affirm.
CPLR 3012(d), which governs motions for leave to serve a late pleading and excuse a delay in answering and appearing, provides that "[u]pon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default." In support of their cross motion, the defendants contended that they were entitled to vacatur of their default in appearing in the interest of justice because their defense, that the action was barred by the statute of limitations, was meritorious. The defendants did not provide any excuse, reasonable or otherwise, for the default. As such, we agree with the Supreme Court's denial of the defendants' cross motion on the ground that the defendants failed to provide a reasonable excuse (see Bank of N.Y. Mellon v Adago, 155 AD3d 594, 596; Bank of N.Y. Mellon v Colucci, 138 AD3d 1047, 1048). Inasmuch as the defendants failed to demonstrate a reasonable excuse for their default, we need not consider whether they offered a potentially meritorious defense to the action (see Bank of N.Y. Mellon v Adago, 155 AD3d at 596; Federal Natl. Mtge. Assn. v Zapata, 143 AD3d 857, 858; Bank of N.Y. Mellon v Colucci, 138 AD3d at 1048).
In any event, contrary to the defendants' contention, the action was not time-barred. The satisfaction of mortgage executed and recorded by Fremont was void at its inception since Fremont had no interest in the mortgage it purported to discharge, having already assigned it to IndyMac prior to executing the discharge of mortgage (see LNV Corp. v Sorrento, 154 AD3d 840; Bank of N.Y. Mellon Trust Co., N.A. v Claypoole, 150 AD3d 505, 506). Since "a statute of limitations cannot validate what is void at its inception," the statute of limitations cannot act as a bar to this action to nullify the erroneous mortgage satisfaction (Faison v Lewis, 25 NY3d 220, 230; see LNV Corp. v Sorrento, 154 AD3d at 841; Bank of N.Y. Mellon Trust Co., N.A. v Claypoole, 150 AD3d at 506). Since the satisfaction of mortgage was void, we agree with the Supreme Court's determination granting OneWest's motion for a declaratory judgment and declaring that the satisfaction of mortgage was null and void and cancelled nunc pro tunc as of November 24, 2006.
RIVERA, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court