Beneficial Homeowner Serv. Corp. v KeyBank N.A. (2019 NY Slip Op 08018)





Beneficial Homeowner Serv. Corp. v KeyBank N.A.


2019 NY Slip Op 08018


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


788 CA 19-00372

[*1]BENEFICIAL HOMEOWNER SERVICE CORPORATION, PLAINTIFF-APPELLANT,
v
KEYBANK NATIONAL ASSOCIATION, PHYLLIS CROUSE, DEFENDANTS, AND ROBERT E. LAKE, DEFENDANT-RESPONDENT. 






PHILLIPS LYTLE LLP, ROCHESTER (CHAD W. FLANSBURG OF COUNSEL), FOR PLAINTIFF-APPELLANT.
SCHWERZMANN & WISE, P.C., WATERTOWN (KEITH B. CAUGHLIN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered September 24, 2018. The order, among other things, denied the motion of plaintiff insofar as it sought summary judgment on the complaint against defendant Robert E. Lake. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion with respect to the claim seeking a substitution, nunc pro tunc, of the legal description of the property to correct scrivener's errors and as modified the order is affirmed without costs.
Memorandum: In 2004, defendant Phyllis Crouse obtained a home equity line of credit from and gave a first mortgage on the property to Champion Mortgage (Champion), a division of defendant KeyBank National Association (KeyBank). In 2006 Crouse obtained a gap mortgage from and gave a second mortgage on the property to Champion. On the same date, Crouse executed a Consolidation, Extension and Modification Agreement (CEMA), pursuant to which the first and second mortgages were consolidated into a single mortgage to be held by Champion. Annexed as an exhibit to the CEMA was a consolidated note. Champion thereafter assigned all three mortgages "together with the certain note(s) described therein" to plaintiff by identifying the first mortgage in the body of the document and the second mortgage and CEMA in an exhibit attached to the assignment. The assignment was recorded on October 22, 2007.
Using the identical language and exhibit as in the assignment to plaintiff, plaintiff's "vice[-]president" thereafter executed an assignment of mortgage assigning all three mortgages "together with the certain note(s) described therein" to KeyBank. On February 13, 2008, KeyBank's "authorized signer" executed a satisfaction of mortgage using the identical language and exhibit to identify the mortgages as used in the earlier assignments and stating that the three mortgages were "paid" and that KeyBank consented to have them discharged. The assignment to KeyBank and the satisfaction were recorded on May 13, 2008. It is undisputed that the mortgages were not actually satisfied, and Crouse continued to make payments on the CEMA for two years after the satisfaction was recorded. Crouse subsequently defaulted on the debt, and Robert E. Lake (defendant) purchased the property from Crouse in 2012. It is also undisputed that defendant never made any payments on the CEMA.
Plaintiff commenced this action on January 5, 2016, seeking, inter alia, "to secure the cancellation and discharge of record" of the allegedly erroneous satisfaction of mortgage, contending that it was recorded "only through error and inadvertence." Plaintiff also sought to correct scrivener's errors in the legal description of the property. After KeyBank and Crouse defaulted, plaintiff moved for, inter alia, summary judgment on the complaint against defendant [*2]as well as dismissal of defendant's counterclaim. Supreme Court denied the motion insofar as it sought summary judgment on the complaint against defendant.
Plaintiff contends that the court erred in denying the motion with respect to the claim seeking to expunge the satisfaction of mortgage. We reject that contention. According to plaintiff, the assignment to KeyBank was invalid because it was made in error and, as a result, KeyBank lacked any interest in the mortgages and any authority to execute and record the satisfaction. Therefore, plaintiff contends, the satisfaction is void ab initio and the relevant statute of limitations never began to run. Plaintiff seeks to counter the contention that the action is time-barred on the theory that any error in the recording of the assignment and satisfaction renders the documents voidable and subject to the now-passed six-year statute of limitations found in CPLR 213 (6). We conclude that plaintiff failed to establish as a matter of law that the assignment was invalid or that KeyBank lacked the authority to execute and record the satisfaction so as to avoid application of the statute of limitations.
Although plaintiff retained physical possession of the notes, the assignment to KeyBank specifically provided that the mortgages "together with the certain note(s) described therein" were being assigned. Such language has been held to effectuate an assignment of both the note and the mortgage (see e.g. Goldman Sachs Mtge. Co. v Mares, 166 AD3d 1126, 1129 [3d Dept 2018]; Matter of Stralem, 303 AD2d 120, 122-123 [2d Dept 2003]). Where, as here, there is an effective assignment of both the mortgage and the note, physical delivery of the note is not required for the assignee to lawfully take action on the mortgage. "Either a written assignment of the underlying note or the physical delivery of the note is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank N.A. v Ellis, 154 AD3d 710, 711 [2d Dept 2017] [emphasis added]; see U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754 [2d Dept 2009]; cf. Deutsche Bank Natl. Trust Co. v Idarecis, 133 AD3d 702, 703-704 [2d Dept 2015]; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 108-109 [2d Dept 2011]). Plaintiff thus failed to establish that the assignment of the notes and mortgages to KeyBank was invalid.
Plaintiff also failed to establish as a matter of law that the satisfaction was void ab initio on the ground that KeyBank lacked authority to execute and record the satisfaction (see generally Faison v Lewis, 25 NY3d 220, 224-225 [2015], rearg denied 26 NY3d 946 [2015]). In support of its motion, plaintiff contended that the assignment and satisfaction documents were prepared by KeyBank's "clearing agent" and that plaintiff "had no involvement with and did not direct the execution of the KeyBank [a]ssignment." The assignment to KeyBank, however, was executed by plaintiff's vice-president, and plaintiff failed to establish that its vice-president acted without plaintiff's authority. Inasmuch as plaintiff presented no evidence supporting the contention that the assignment was unauthorized or invalid, plaintiff failed to establish as a matter of law that, at the time KeyBank executed and recorded the satisfaction, KeyBank lacked any interest in the mortgages (cf. LNV Corp. v Sorrento, 154 AD3d 840, 841 [2d Dept 2017]; Bank of N.Y. Mellon Trust Co., N.A. v Claypoole, 150 AD3d 505, 506 [1st Dept 2017]). Where, as here, a document is filed by mistake as opposed to by forgery or lack of authority, the document is voidable and thus subject to the statute of limitations (see Faison, 25 NY3d at 224-225). "The difference in the nature of the two [situations] justifies this different legal status. A [document] containing the title holder's actual signature reflects the assent of the will to the use of the paper or the transfer,' although it is assent induced by fraud, mistake or misplaced confidence' " (id.).
We thus conclude that plaintiff failed to establish as a matter of law that the claim seeking to expunge the satisfaction of mortgage is not barred by the statute of limitations. Plaintiff's contention that this claim is governed by a 10-year statute of limitations is improperly raised for the first time in its reply brief and thus is not properly before us (see Turner v Canale, 15 AD3d 960, 961 [4th Dept 2005], lv denied 5 NY3d 702 [2005]).
We agree with plaintiff, however, that the court erred in failing to grant the motion with respect to the claim seeking a substitution, nunc pro tunc, of the legal description of the property to correct scrivener's errors, and we therefore modify the order accordingly. Defendant did not oppose the motion to that extent. We conclude that plaintiff established that typographical errors had been made and should be corrected inasmuch "as the amendments sought were not substantive and did not prejudice" defendant (Bank of N.Y. v Stein, 130 AD3d 552, 553 [2d Dept 2015]).
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court