JPMorgan Chase Bank, N.A. v Aspilaire (2020 NY Slip Op 06510)





JPMorgan Chase Bank, N.A. v Aspilaire


2020 NY Slip Op 06510


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-03949
2018-08187
2018-10676
 (Index No. 15189/13)

[*1]JPMorgan Chase Bank, National Association, appellant,
v
Marie Aspilaire, etc., et al., defendants, Flagstar Bank FSB, respondent.


Bonchonsky & Zaino, LLP, Garden City, NY (Peter R. Bonchonsky and Ellen W. Groarke of counsel), for appellant.
FisherBroyles, LLP, New York, NY (Christina H. Bost Seaton and Richard B. Cohen of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage and to vacate and expunge a forged satisfaction of that mortgage, the plaintiff appeals from (1) a decision of the Supreme Court, Kings County (Noach Dear, J.), dated December 13, 2017, (2) an order of the same court dated February 26, 2018, and (3) an order of the same court dated March 1, 2018. The order dated February 26, 2018, insofar as appealed from, upon the decision dated December 13, 2017, denied that branch of the plaintiff's motion which was for summary judgment on its cause of action for foreclosure and granted that branch of the cross motion of the defendant Flagstar Bank FSB which was for summary judgment dismissing the complaint insofar as asserted against it. The order dated March 1, 2018, rejected the plaintiff's proposed counter-order for settlement.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order dated February 26, 2018, is reversed insofar as appealed from, on the law, that branch of the plaintiff's motion which was for summary judgment on its cause of action for foreclosure is granted, and that branch of the cross motion of the defendant Flagstar Bank FSB which was for summary judgment dismissing the complaint insofar as asserted against it is denied; and it is further,
ORDERED that the appeal from the order dated March 1, 2018, is dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701[a][2]; Islip Theaters, LLC v Landmark Plaza Props. Corp., 183 AD3d 875; Faello v Faello, 45 AD3d 728), and leave to appeal has not been granted (see Cascardo v Stacchini, 100 AD3d 675, 677); and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 2007, the defendant Marie Aspilaire executed a mortgage with Washington Mutual Bank (hereinafter WaMu), predecessor in interest of the plaintiff, JPMorgan Chase Bank, National Association (hereinafter Chase), which encumbered a property in Brooklyn (hereinafter the WaMu-Chase mortgage). Chase allegedly acquired the mortgage on September 25, 2008. A purported satisfaction of the WaMu-Chase mortgage thereafter was recorded in the Office of the City Register of the City of New York on October 9, 2008. Aspilaire conveyed the subject property to the defendant Devon Brown by deed dated December 2, 2008. At the time of the conveyance, a title commitment indicated that there were no outstanding mortgages or other encumbrances of record with respect to the subject property. Also on December 2, 2008, Brown executed a note and mortgage (hereinafter the Flagstar mortgage) in favor of the defendant Flagstar Bank FSB (hereinafter Flagstar). Notwithstanding this conveyance, Chase's records indicate that Aspilaire continued to make payments on the WaMu-Chase mortgage until 2010.
Brown defaulted on the note associated with the Flagstar mortgage in March 2009. On January 13, 2010, Flagstar commenced an action in the Supreme Court, Kings County, to foreclose the Flagstar mortgage. On June 21, 2013, Flagstar obtained a judgment of foreclosure and sale in that action. Flagstar then purchased the subject property at a foreclosure auction, and the subject property was conveyed to Flagstar by a referee's deed.
On August 19, 2013, Chase commenced this action against Flagstar, among others, to foreclose the WaMu-Chase mortgage and to vacate the satisfaction of mortgage filed with respect to the WaMu-Chase mortgage on the ground that the satisfaction of mortgage had been forged and thus was void ab initio. Chase thereafter moved for summary judgment on the complaint. Flagstar cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. Flagstar contended in part that the evidence presented by Chase on its motion was insufficient to establish that the satisfaction of mortgage was forged and, in any event, even if the satisfaction of mortgage was forged, Flagstar's interests were protected pursuant to Real Property Law § 266 based on its status as a bona fide encumbrancer for value.
In a decision dated December 13, 2017, the Supreme Court determined that the satisfaction of mortgage was forged, and that the branch of Chase's motion which was for summary judgment on its cause of action to vacate the satisfaction should be granted, determining that Chase had "adduced sufficient evidence that the satisfaction was neither executed by nor authorized by it or its predecessor-in-interest." However, the court determined that the branch of Chase's motion which sought summary judgment on its foreclosure cause of action should be denied, and that branch of Flagstar's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it should be granted. The court agreed with Flagstar's contention that it was a bona fide encumbrancer, stating that "a forged satisfaction does not preclude a subsequent good faith encumbrancer for value from securing priority." In an order dated February 26, 2018, entered upon the decision, the court granted that branch of Chase's motion which was for summary judgment vacating the satisfaction of mortgage, denied Chase's motion in all other respects, and granted Flagstar's cross motion in all respects. Chase appeals.
Initially, although Flagstar contends on appeal that the evidence presented by Chase on its motion for summary judgment was inadequate to establish that the satisfaction of mortgage was forged, Chase correctly contends that, because Flagstar failed to take an appeal, it is precluded from challenging the portion of the order granting that branch of Chase's motion which was for summary judgment vacating the satisfaction of mortgage (see CPLR 5515; Deutsche Bank Natl. Trust Co. v Steward, 182 AD3d 576, 578; Community W. Bank, N.A. v Stephen, 153 AD3d 899, 900).
We disagree with the Supreme Court's determination that Flagstar's interest in the subject property was protected by its status as a bona fide encumbrancer for value under Real Property Law § 266, since the satisfaction of mortgage executed and recorded before Flagstar's issuance of a loan with respect to the subject property was determined to have been forged and was void, not merely voidable. A discharge or satisfaction of a mortgage is void at its inception when it is executed and recorded by one who has no interest in the mortgage (see OneWest Bank v [*2]Schiffman, 175 AD3d 1543, 1545-1546; LNV Corp. v Sorrento, 154 AD3d 840, 841; Bank of N.Y. Mellon Trust Co., N.A. v Claypoole, 150 AD3d 505, 506; see also Faison v Lewis, 25 NY3d 220, 223). Accordingly, the forged satisfaction of mortgage in this case was not entitled to any legal effect, and Flagstar's encumbrance based on it is not protected (see Faison v Lewis, 25 NY3d at 224; Marden v Dorthy, 160 NY 39; OneWest Bank v Schiffman, 175 AD3d at 1545-1546; Weiss v Phillips, 157 AD3d 1, 10-11; LNV Corp. v Sorrento, 154 AD3d at 841; Bank of N.Y. Mellon Trust Co., N.A. v Claypoole, 150 AD3d at 506; ABN AMRO Mtge. Group, Inc. v Stephens, 91 AD3d 801, 803).
The parties' remaining contentions are without merit or need not be considered in view of the foregoing determination.
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court