Wells Fargo Bank, N.A. v Friedman (2020 NY Slip Op 08106)





Wells Fargo Bank, N.A. v Friedman


2020 NY Slip Op 08106


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2018-10855
 (Index No. 3993/15)

[*1]Wells Fargo Bank, N.A., appellant, 
v
Hersh Friedman, respondent, et al., defendants.


Shapiro, DiCaro & Barak, LLC (Reed Smith LLP, New York, NY [Siobhan A. Nolan, Diane A. Bettino, Andrew B. Messite, and James N. Faller], of counsel), for appellant.
Joshua Bronstein, Port Washington, NY, for respondent.



DECISION & ORDER
In an action to cancel and expunge a satisfaction of mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated June 20, 2018. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Hersh Friedman, granted the cross motion of the defendant Hersh Friedman pursuant to CPLR 3211(a)(1) and (5) to dismiss the complaint insofar as asserted against him, and directed dismissal of the complaint in its entirety.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Hersh Friedman is granted, the cross motion of the defendant Hersh Friedman to dismiss the complaint insofar as asserted against him is denied, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the subject mortgage, dated August 8, 2003, is a valid lien and encumbrance against the premises nunc pro tunc to the date of its recording on May 20, 2004.
On August 8, 2003, the defendant Hersh Friedman borrowed $340,000 from GreenPoint Mortgage Funding, Inc. (hereinafter GreenPoint), secured by a mortgage on residential property in Brooklyn, recorded on May 20, 2004 (hereinafter the first mortgage). On March 24, 2005, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for EMC Mortgage Corporation (hereinafter EMC), assigned the first mortgage to the plaintiff, Wells Fargo Bank, N.A. On March 28, 2005, Friedman borrowed $15,027.45 from the plaintiff, secured by a second mortgage on the premises. That same day, Friedman entered into a consolidation, extension, and modification agreement (hereinafter CEMA), consolidating the notes and mortgages into one lien of $350,000 in favor of the plaintiff. On June 6, 2005, MERS, as nominee for GreenPoint, recorded a satisfaction of the first mortgage, dated May 18, 2005. In 2014, MERS, as nominee for GreenPoint, executed a gap assignment of the first mortgage to itself, as nominee for EMC, so as to correct the gap in the chain of mortgage assignments.
On April 1, 2015, the plaintiff commenced this action to cancel and expunge the satisfaction of the first mortgage and for a judgment declaring the first mortgage to be a valid lien and encumbrance on the premises nunc pro tunc to May 20, 2004. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Friedman. Friedman cross-moved pursuant to CPLR 3211(a)(1) and (5) to dismiss the complaint insofar as asserted against him. In an order dated June 20, 2018, the Supreme Court denied that branch of the plaintiff's motion, granted Friedman's cross motion, and directed dismissal of the complaint in its entirety. The plaintiff appeals.
Where a satisfaction of a mortgage is executed by a party without an interest in the mortgage, the satisfaction is void ab initio (see OneWest Bank v Schiffman, 175 AD3d 1543, 1545-1546). Since "a statute of limitations cannot validate what is void at its inception," the statute of limitations cannot act as a bar to an action to expunge such a void satisfaction (Faison v Lewis, 25 NY3d 220, 230; see OneWest Bank v Schiffman, 175 AD3d at 1545-1546).
Here, the plaintiff established that it held the note underlying the first mortgage by no later than March 28, 2005, when the CEMA, which acknowledged the plaintiff's status as the holder of the note, was executed. Where the obligation is transferred, "the mortgage passes with the debt as an inseparable incident" (U.S. Bank N.A. v Ellis, 154 AD3d 710, 711; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). Thus, regardless of the gap in the chain of mortgage assignments, the plaintiff established that MERS, as nominee for GreenPoint, lacked an interest in the first mortgage at the time it made and recorded the satisfaction (see generally Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; U.S. Bank N.A. v Trulli, 179 AD3d 740). Accordingly, the satisfaction was void ab initio, and the statute of limitations cannot bar this action to cancel and expunge the satisfaction (see OneWest Bank v Schiffman, 175 AD3d at 1545-1546). Since the satisfaction is void, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Friedman, and should have denied Friedman's cross motion (see id. at 1546).
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the subject mortgage, dated August 8, 2003, is a valid lien and encumbrance against the premises nunc pro tunc to the date of its recording on May 20, 2004 (see Lanza v Wagner, 11 NY2d 317, 334).
RIVERA, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court