U.S. Bank N.A. v Wongsonadi (2022 NY Slip Op 02035)





U.S. Bank N.A. v Wongsonadi


2022 NY Slip Op 02035


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2017-10866
2019-05147
 (Index No. 703762/15)

[*1]U.S. Bank National Association, etc., respondent,
v
Ricky Wongsonadi, et al., defendants, USA Realty & Management Group, Inc., appellant.


The Rosenfeld Law Office, Lawrence, NY (Avi Rosenfeld of counsel), for appellant.
Hinshaw & Culbertson, LLP, New York, NY (Benjamin Noren and Schuyler B. Kraus of counsel), for respondent.
In an action to foreclose a mortgage, the defendant USA Realty & Management Group, Inc., appeals from (1) an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered August 31, 2017, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered January 17, 2019. The order, insofar as appealed from, in effect, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant USA Realty & Management Group, Inc., to strike that defendant's answer, and for an order of reference, and denied that defendant's cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against it. The order and judgment of foreclosure and sale, upon the order, inter alia, confirmed the referee's report and directed the sale of the subject property.



DECISION & ORDER
By order to show cause dated July 12, 2021, the parties to the appeals were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeal from the order entered August 31, 2017, on the ground that the right of direct appeal from the order terminated upon entry of the order and judgment of foreclosure and sale. By decision and order on motion dated October 6, 2021, the motion to dismiss the appeal from the order was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the submission of the appeals, it is
ORDERED that the motion to dismiss the appeal from the order entered August 31, 2017, is granted; and it is further,
ORDERED that the appeal from the order entered August 31, 2017, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is [*2]further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order entered August 31, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
The plaintiff commenced the instant action to foreclose a mortgage on real property against, among others, the defendant Ricky Wongsonadi and the defendant USA Realty & Management Group, Inc. (hereinafter USA Realty), to which Wongsonadi allegedly transferred the subject property. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against USA Realty, to strike its answer, and for an order of reference. USA Realty cross-moved, in effect, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court, in effect, granted those branches of the plaintiff's motion and denied USA Realty's cross motion. The court subsequently issued an order and judgment of foreclosure and sale, among other things, confirming the referee's report and directing the sale of the subject property. USA Realty appeals from the order and judgment of foreclosure and sale.
Contrary to USA Realty's contention, there were no triable issues of fact regarding the plaintiff's standing arising from the assignment of the mortgage. Since the mortgage "passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 362), the validity of an assignment of the mortgage is irrelevant to the issue of standing (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; Deutsche Bank Natl. Trust Co. v Smartenko, 199 AD3d 643). USA Realty's additional contention that the plaintiff's showing as to standing was insufficient because it did not set forth details regarding the physical delivery of the note, which was attached to the complaint, is similarly without merit, as "it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645; see Aurora Loan Servs., LLC v. Taylor, 25 NY3d at 362).
Finally, "as a stranger to the note and mortgage, [USA Realty] lacked standing to assert a defense based on the plaintiff's alleged failure to serve the borrower with a notice of default, as required by the mortgage" (Deutsche Bank Natl. Tr. Co. v Finger, 195 AD3d 789, 791; see Bank of N.Y. Mellon Trust Co., NA v Obadia, 176 AD3d 1020, 1024).
We therefore affirm the order and judgment of foreclosure and sale.
IANNACCI, J.P., RIVERA, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court