U.S. Bank N.A. v Sallie (2023 NY Slip Op 01817)

U.S. Bank N.A. v Sallie

2023 NY Slip Op 01817

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2019-13942
 (Index No. 712575/15)

[*1]U.S. Bank National Association, etc., respondent,
v
Alfred Sallie, et al., appellants, et al., defendants.

Andrea S. Gross, St. Albans, NY, for appellants.
Balfe & Holland, P.C., Melville, NY (Ruth O'Connor of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to expunge a satisfaction of mortgage, the defendants Alfred Sallie and Yvonne Sallie appeal from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered November 25, 2019. The order, insofar as appealed from, (1) granted that branch of the plaintiff's motion which was for leave to reargue those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike the answer and counterclaims of those defendants, and, in effect, to expunge a satisfaction of mortgage, which had been denied in an order of the same court entered September 18, 2019, and, upon reargument, in effect, vacated so much of the order entered September 18, 2019, as denied those branches of the plaintiff's prior motion, and thereupon granted those branches of the plaintiff's prior motion, and (2) denied those defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order entered November 25, 2019, is affirmed insofar as appealed from, with costs.
On July 27, 1993, the defendants Alfred Sallie and Yvonne Sallie (hereinafter together the defendants) executed a note in the amount of $105,000 in favor of Alliance Funding Company (hereinafter Alliance), a division of Superior Bank FSB (hereinafter Superior Bank). The note was secured by a mortgage on certain real property located in Laurelton (hereinafter the first mortgage). The first mortgage was subsequently assigned by Alliance to nonparty Chemical Bank. By assignment dated October 9, 2000, Chemical Bank transferred the first mortgage back to Alliance.
On October 10, 2000, the defendants executed a second note in the amount of $43,002.70 in favor of Superior Bank. The second note was secured by a mortgage on the same premises (hereinafter the second mortgage). On the same day, the defendants entered into a consolidation, extension, and modification agreement (hereinafter the CEMA) with Superior Bank. The CEMA consolidated the first and second mortgages to create a single lien in the amount of $144,000. By assignment dated October 24, 2000, Superior Bank transferred the CEMA to the plaintiff. On December 17, 2001, Alliance executed a satisfaction of mortgage indicating that the first mortgage had been satisfied, which was recorded on February 1, 2002.
In December 2015, the plaintiff commenced this action, inter alia, to expunge the satisfaction of mortgage against the defendants, among others. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the answer and counterclaims of the defendants, and, in effect, to expunge the satisfaction of mortgage. The defendants cross-moved, among other things, to dismiss the complaint insofar as asserted against them on the ground that the plaintiff lacks standing. By order entered September 18, 2019, the Supreme Court, inter alia, denied those branches of the motion and cross-motion. The court based its determination on the fact that the CEMA was purportedly not signed by any of the parties thereto, and triable issues of fact existed concerning, among other things, whether the CEMA was a valid agreement and whether the plaintiff had standing to commence the action.
Thereafter, the plaintiff moved, inter alia, for leave to reargue those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the answer and counterclaims of the defendants, and, in effect, to expunge the satisfaction of mortgage. The defendants opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the action is time-barred. By order entered November 25, 2019, the Supreme Court, among other things, granted that branch of the plaintiff's motion which for leave to reargue those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the answer and counterclaims of the defendants, and, in effect, to expunge the satisfaction of mortgage, upon reargument, in effect, vacated so much of the order entered September 18, 2019, as denied those branches of the plaintiff's prior motion, and thereupon granted those branches of the plaintiff's prior motion, and denied the defendants' cross-motion. The defendants appeal.
The Supreme Court providently exercised its discretion in granting leave to reargue, as the plaintiff established that, in determining its prior motion, the court overlooked or misapprehended the fact that the CEMA was signed by the relevant parties (see CPLR 2221[d][2]; Rides Unlimited of N.Y., Inc. v Engineered Energy Solutions, LLC, 184 AD3d 695, 695).
Upon reargument, the Supreme Court properly granted those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the answer and counterclaims of the defendants, and, in effect, to expunge the satisfaction of mortgage. The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by submitting, among other things, copies of the first and second note and mortgage, the CEMA, the assignments of mortgage, and records demonstrating the defendants' payment history related to the CEMA beginning in September 2001. The evidence submitted by the plaintiff established, prima facie, that the first mortgage had not been satisfied, and at the time Alliance executed the satisfaction of mortgage, it did not have the authority to "consent that the same be discharged of record," because Alliance was no longer the holder of the first note and mortgage (see Bank of Am., N.A. v Schwartz, 199 AD3d 975, 978; Wells Fargo Bank, N.A. v Douglas, 186 AD3d 532, 534).
Additionally, the plaintiff established, prima facie, that it had standing to commence the action by demonstrating that it had physical possession of the first and second note, as well as the CEMA, prior to commencement of the action, as evidenced by the attachment of those documents to the summons and complaint (see Deutsche Bank Natl. Trust Co. v Auguste, 185 AD3d 657, 658; HSBC Bank USA v Olivier, 179 AD3d 648, 650).
In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact (see U.S. Bank N.A. v Wongsonadi, 203 AD3d 1098, 1099-1100; Wells Fargo Bank N.A. v Johnson, 172 AD3d 1278, 1280). The defendants' contention that the affidavit of the plaintiff's loan servicer, and the business records attached thereto, constituted inadmissible hearsay is improperly raised for the first time on appeal (see U.S. Bank Trust, N.A. v Rahmaan, 209 AD3d 1053, 1054; U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 761).
Contrary to the defendants' contention, the action is not time-barred. The satisfaction of mortgage executed and recorded by Alliance was void at its inception since Alliance had no [*2]interest in the mortgage it purported to discharge (see Wells Fargo Bank, N.A. v Friedman, 189 AD3d 1667, 1668; OneWest Bank v Schiffman, 175 AD3d 1543, 1545-1546; LNV Corp. v Sorrento, 154 AD3d 840). Since "a statute of limitations cannot validate what is void at its inception," the statute of limitations cannot act as a bar to an action to expunge a void satisfaction of mortgage (Faison v Lewis, 25 NY3d 220, 230; see Wells Fargo Bank, N.A. v Friedman, 189 AD3d at 1668).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court