U.S. Bank N.A. v Petrez (2025 NY Slip Op 00896)

U.S. Bank N.A. v Petrez

2025 NY Slip Op 00896

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2021-09021
 (Index No. 21365/13)

[*1]U.S. Bank National Association, etc., respondent,
v
William D. Petrez, appellant, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Gross Polowy, LLC (Reed Smith LLP, New York, NY [James N. Faller and Andrew B. Messite], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to expunge a satisfaction of mortgage, the defendant William D. Petrez appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered May 9, 2016. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant William D. Petrez.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant William D. Petrez is denied.
On May 17, 2006, the defendant William D. Petrez (hereinafter the defendant) executed a note in the amount of $642,750 secured by a mortgage on certain real property located in Ozone Park. Thereafter, a satisfaction of mortgage was recorded indicating that the mortgage had been satisfied. In November 2013, the plaintiff commenced this action, inter alia, to expunge the satisfaction of mortgage against the defendant, among others. The plaintiff moved, among other things, for summary judgment on the complaint complaint insofar as asserted against the defendant. By order entered May 9, 2016, the Supreme Court, inter alia, granted that branch of the plaintiff's motion. The defendant appeals.
"A mortgagee may have an erroneous discharge of mortgage, without concomitant satisfaction of the underlying mortgage debt, set aside, and have the mortgage reinstated where there has not been detrimental reliance on the erroneous recording" (Bank of Am., N.A. v Schwartz, 199 AD3d 975, 978 [internal quotation marks omitted]). Here, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law on the complaint insofar as asserted against the defendant. In support of its motion, the plaintiff relied upon two affidavits, purportedly of employees of its loan servicer, to establish that the satisfaction of mortgage had been erroneously issued. Those affiants averred, among other things, that they were familiar with the business records of the loan servicer for the purpose of servicing mortgage loans and had examined various records related to the subject mortgage loan. Based on their review, the affiants attested, inter alia, that the defendant had not paid the amount due on the note and had in fact defaulted on his mortgage [*2]payments and remained in default. However, the business records were not submitted with the affidavits, and therefore, the affiants' attestations as to the contents of the records were inadmissable hearsay (see U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 763; U.S. Bank N.A. v Kandra, 197 AD3d 590, 593). Thus, the plaintiff failed to establish, prima facie, that the mortgage had not been satisfied, that the balance due under the loan remained outstanding, and that the satisfaction of the mortgage was erroneously issued.
Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant (see Green Tree Servicing, LLC v Ferando, 219 AD3d 706, 708; U.S. Bank N.A. v Sallie, 215 AD3d 714, 716), regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MILLER, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court