HSBC Bank USA, N.A. v Hasan (2025 NY Slip Op 06696)

HSBC Bank USA, N.A. v Hasan

2025 NY Slip Op 06696

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-01578
 (Index No. 32862/09)

[*1]HSBC Bank USA, N.A., appellant, 
v
Abul Hasan, et al., defendants, USROF III Legal Title Trust 2015-1, respondent.

Phillips Lytle LLP, Buffalo, NY (Sean C. McPhee of counsel), for appellant.
Butler, Fitzgerald, Fiveson & McCarthy P.C., New York, NY (David K. Fiveson and Grail A. Moore of counsel), for respondent.

DECISION & ORDER
In a consolidated action to foreclose two mortgages, the plaintiff appeals from an amended order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated February 2, 2022. The amended order, insofar as appealed from, granted the motion of the defendant USROF III Legal Title Trust 2015-1 for leave to reargue its opposition to that branch of the plaintiff's prior motion which was to expunge three satisfactions of mortgage as against that defendant, which had been, in effect, granted in an order of the same court dated November 3, 2021, and, upon reargument, in effect, vacated so much of the order dated November 3, 2021, as, in effect, granted that branch of the plaintiff's prior motion, and thereupon, denied that branch of the plaintiff's prior motion and directed that the defendant USROF III Legal Title Trust 2015-1 be excluded from the expungement of the satisfactions of mortgage.
ORDERED that the amended order is modified, on the law, by deleting the provision thereof, upon reargument, in effect, vacating so much of the order dated November 3, 2021, as, in effect, granted that branch of the plaintiff's prior motion which was to expunge three satisfactions of mortgage as against the defendant USROF III Legal Title Trust 2015-1, and thereupon, denying that branch of the plaintiff's prior motion and directing that the defendant USROF III Legal Title Trust 2015-1 be excluded from the expungement of the satisfactions of mortgage, and substituting therefor a provision, upon reargument, adhering to so much of the order dated November 3, 2021, as, in effect, granted that branch of the plaintiff's prior motion; as so modified, the amended order is affirmed insofar as appealed from, with costs to the plaintiff.
In November 2008, the defendant Abul Hasan executed a note in the sum of $525,000 in favor of the plaintiff's predecessor in interest, which was secured by a mortgage (hereinafter the first mortgage) encumbering certain real property located in Brooklyn. In December 2009, after three satisfactions of mortgage were filed in relation to the first mortgage, an action was commenced to foreclose the first mortgage (hereinafter the 2009 action).
In January 2010, the defendant Waqas Ahmed, who was then the owner of the property, executed a note in the sum of $417,000 in favor of Home Loan Center, Inc., which was secured by a second mortgage on the property (hereinafter the second mortgage). In October 2013, [*2]JPMorgan Chase Bank, N.A., which was then the assignee of the second mortgage, commenced an action to foreclose the second mortgage (hereinafter the 2013 action), and, in June 2015, a judgment of foreclosure and sale was entered in the 2013 action.
In June 2017, the defendant USROF III Legal Title Trust 2015-1 (hereinafter USROF), as the assignee of the second mortgage, moved for leave to intervene in the 2009 action. In an order dated August 16, 2017, the Supreme Court granted USROF's motion. In October 2017, USROF moved pursuant to CPLR 3215(c) to dismiss the complaint in the 2009 action insofar as asserted against it as abandoned, and the plaintiff cross-moved, inter alia, pursuant to CPLR 3025(b) for leave to amend the complaint to add a cause of action to expunge the three satisfactions of mortgage and to consolidate the 2009 action with the 2013 action. In an order dated January 31, 2018 (hereinafter the January 2018 order), the court denied USROF's motion and granted the plaintiff's cross-motion. USROF appealed from so much of the January 2018 order as denied its motion pursuant to CPLR 3215(c) to dismiss the complaint in the 2009 action insofar as asserted against it as abandoned, and on appeal, this Court reversed the January 2018 order insofar as appealed from and granted USROF's motion (see HSBC Mtge. Corp. v Hasan, 186 AD3d 1495).
Following consolidation of the 2009 action and the 2013 action, the plaintiff filed an amended complaint asserting, among other things, that the three satisfactions of mortgage were fraudulent. Thereafter, the plaintiff moved, inter alia, for summary judgment on the amended complaint, for leave to enter a default judgment against all nonappearing defendants, to expunge the three satisfactions of mortgage, and for an order of reference. USROF opposed the motion on the ground that discovery had not been completed and on the ground that the plaintiff "cannot establish that the co-defendants are in default" since proof of service on the codefendants was not submitted, and cross-moved pursuant to CPLR 3216 to dismiss the amended complaint insofar as asserted against it for failure to prosecute. In light of the determination on the appeal of the January 2018 order, in an order dated November 3, 2021, the Supreme Court, among other things, denied, as academic, USROF's cross-motion and that branch of the plaintiff's motion which was for summary judgment on the amended complaint insofar as asserted against USROF, in effect, granted that branch of the plaintiff's motion which was to expunge the three satisfactions of mortgage as against USROF, directed that the caption be amended to remove USROF therefrom, and granted those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against the remaining defendants.
Thereafter, USROF moved for leave to reargue its opposition to that branch of the plaintiff's prior motion which was to expunge the three satisfactions of mortgage as against USROF, contending that it should be restored to the caption and deemed exempt from the expungement of the satisfactions of mortgage. In an amended order dated February 2, 2022, the Supreme Court, inter alia, granted USROF's motion for leave to reargue its opposition to that branch of the plaintiff's prior motion which was to expunge the three satisfactions of mortgage as against USROF, and, upon reargument, in effect, vacated so much of the order dated November 3, 2021, as, in effect, granted that branch of the plaintiff's prior motion, and thereupon, denied that branch of the plaintiff's prior motion and directed that USROF be excluded from the expungement of the satisfactions of mortgage. The plaintiff appeals. In an order dated October 12, 2022, the caption was amended to restore USROF thereto.
"A discharge or satisfaction of a mortgage is void at its inception when it is executed and recorded by one who has no interest in the mortgage" (JPMorgan Chase Bank, N.A. v Aspilaire, 188 AD3d 850, 853). As such, "the forged satisfaction[s] of mortgage in this case [were] not entitled to any legal effect" (id. [emphasis added]; see U.S. Bank N.A. v Sallie, 215 AD3d 714).
Further, notices of pendency filed in the 2009 action provided USROF and USROF's predecessors in interest with constructive notice of the 2009 action, which, together with their knowledge of the existence of three satisfactions of mortgage, was sufficient "[to] excite the suspicion of an ordinarily prudent person" (Wells Fargo Bank N.A. v E & G Dev. Corp., 138 AD3d 986, 988). Since USROF and its predecessors in interest failed to make the requisite inquiry, neither USROF nor its predecessors in interest were bona fide encumbrancers for value (see Mortgage Elec. [*3]Registration Sys., Inc. v Rambaran, 97 AD3d 803). Accordingly, the Supreme Court should not have directed that USROF be excluded from the expungement of the three satisfactions of mortgage.
The parties' remaining contentions are without merit.
BARROS, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court