Cherry v Food Bank for N.Y. City

2026 NY Slip Op 03140

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Rosalind Cherry, respondent,

v

Food Bank for New York City, et al., appellants, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2024-08036, (Index No. 517749/18)

Cheryl E. Chambers, J.P.

Paul Wooten

Lourdes M. Ventura

Elena Goldberg Velazquez, JJ.

O'Connor Redd Orlando LLP, Port Chester, NY (Jerri A. DeCamp and LaWanda M. Geter of counsel), for appellants.

Eaton & Torrenzano, Brooklyn, NY (Jay Torrenzano of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the defendants Food Bank for New York City, S.L. Benfica Transportation, Inc., and ERICA Transportation, Inc., appeal from an order of the Supreme Court, Kings County (Lisa S. Ottley, J.), dated July 5, 2024. The order denied those defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against them.

ORDERED that the order is affirmed, with costs.

On June 22, 2017, the plaintiff allegedly was injured when the vehicle in which she was a passenger, while stopped at a red traffic signal, was struck in the rear by a tractor trailer, which then left the scene of the accident. The plaintiff commenced this action to recover damages for personal injuries against, among others, the defendant Food Bank for New York City (hereinafter Food Bank), alleging, inter alia, that the tractor trailer involved in the accident was operated by a John Doe defendant on behalf of Food Bank. In an amended complaint, the plaintiff added S.L. Benfica Transportation, Inc. (hereinafter Benfica), and ERICA Transportation, Inc. (hereinafter ERICA), as defendants, alleging, among other things, that those defendants owned and operated the tractor trailer involved in the accident with a stated license plate number.

Thereafter, the defendants Food Bank, Benfica, and ERICA (hereinafter collectively the defendants) moved for summary judgment dismissing the amended complaint insofar as asserted against them. In support of the motion, the defendants submitted, inter alia, a "statement of undisputed material facts" stating, among other things, that "service records maintained by [ERICA] show that the trailer with the plate number [alleged in the amended complaint] was out of service from June 19, 2017 through June 24, 2017," and therefore it could not have been involved in the accident. In opposition, the plaintiff argued, among other things, that the defendants failed to submit any proof that the service records "were ever maintained by [ERICA]." In an order dated July 5, 2024, the Supreme Court denied the defendants' motion. The defendants appeal.

The defendants' contention that the service records at issue were admissible as business records created in the regular course of business by Benfica is improperly raised for the first time on appeal (see U.S. Bank N.A. v Sallie, 215 AD3d 714, 716). Moreover, the defendants failed [*2]to establish that the service records were made in the regular course of business by ERICA and, therefore, failed to lay a proper foundation as to the admissibility of the service records as that defendant's business records (see Kary Ventura-Sanchez v Royal Waste Servs., Inc., 222 AD3d 913, 914). Since the defendants failed to establish the admissibility of the service records purportedly showing that the trailer with the license plate number alleged in the amended complaint was not in service at the time of the accident, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against them (see id. at 914-915).

In light of our determination, we need not reach the parties' remaining contentions.

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against them, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).

CHAMBERS, J.P., WOOTEN, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court