OPINION OF THE COURT
Joseph J. Snellenburg II, S.
This action for specific performance, damages, to enforce a lien and for connected relief was removed to this court on August 23, 1989. Plaintiff moves for partial summary judgment upon the first cause of action, for specific performance of the contract of sale made in December 1986. Defendants *479 Debra Kochersberger et al. cross-move for partial summary judgment.
The contract of sale which is the subject of this action involves real property located on Long Island Avenue, Med-ford, owned by Jack H. Kochersberger who died, testate, a resident of Suffolk County, on August 24,1986. Decedent left a handwritten will dated July 15, 1982, which instrument appointed his daughter, defendant Debra Kochersberger, as executrix. The will was filed in this court on June 10, 1987 and was admitted to probate on February 2, 1988. Letters testamentary issued to defendant the same day.
The contract of sale between plaintiff as purchaser, and defendant Debra Kochersberger, as executrix of the estate of Jack H. Kochersberger, deceased, as seller, was dated and executed in December 1986, some 4 months after decedent’s death, and some 14 months before the will was admitted to probate and she was appointed as executrix. The gravamen of plaintiff’s motion for summary judgment is defendant’s apparent authority as the named executrix to execute the contract of sale, and that her subsequent appointment as executrix provided some sort of ratification of the agreement which she had no legal capacity to execute. Cross-moving defendants point to the provisions of EPTL 11-1.3, which specifically negates any power of sale in a named but unappointed executor, assert that no actual ratification nor adoption transpired, and also raise questions of fact with respect to plaintiff’s ability to perform and his right to resort to equitable remedies.
EPTL 11-1.3 clearly negates the power of an unappointed and unqualified fiduciary to dispose of estate assets (Matter of Yarm, 119 AD2d 754). Patently defendant had no authority to bind the estate; at best the contract sued upon herein was voidable. The papers at bar demonstrate both plaintiff’s knowledge of defendant’s lack of authority and her subsequent repudiation of the contract in July 1987, seven months before here appointment and qualification.
Plaintiff’s motion for summary judgment is denied; defendants’ cross motion is granted. The first cause of action for specific performance is dismissed; the notice of pendency filed *480 and recorded October 15, 1987 is canceled. The remaining contentions preferred by moving defendants need not be reached.
The subsisting four causes of action are severed and continued.