OPINION OF THE COURT
Rivera., J.
The legal question raised in this appeal is whether plaintiff Dorothy Faison is time-barred under CPLR 213 (8) from seeking to set aside and cancel, as null and void, defendant Bank of America’s mortgage interest in real property conveyed on the authority of a forged deed. Under our prior case law it is well-settled that a forged deed is void ab initio, meaning a legal nullity at its inception. As such, any encumbrance upon real property based on a forged deed is null and void. Therefore, the statute of limitations set forth in CPLR 213 (8) does not foreclose plaintiffs claim against defendant. As the Appellate Division affirmed the dismissal of plaintiffs claims as time-barred, we now reverse.
*223 L
Plaintiff is the daughter and administrator of the estate of her father, Percy Lee Gogins, Jr. Gogins and his sister, defendant Dorothy Lewis (Lewis), inherited from their mother, as tenants in common, a three-family house in Brooklyn. A few years after the mother’s death, in May 2000, Lewis conveyed by quitclaim deed her half-interest in the property to her daughter Tonya Lewis (Tonya). In February 2001, Tonya recorded a deed claiming to correct the prior deed from Lewis. This corrected deed, dated December 14, 2000, allegedly conveyed Gogins’s half-interest in the real property to Tonya. Thus, if the corrected deed were valid, it would convey to Tonya a fee interest in the property. Gogins passed away in March 2001.
In September 2002, plaintiff filed an action on behalf of Gog-ins’s estate against Lewis and Tonya, claiming the corrected deed was void because her father’s signature was a forgery. In April 2003, Supreme Court dismissed the complaint on the ground that plaintiff lacked capacity to sue because she was not the estate’s administrator. At the time, Gogins’s widow was the administrator.
In December 2009, Tonya borrowed $269,332 from defendant Bank of America (BOA), which she secured with the mortgage, granted in favor of defendant Mortgage Electronic Registration Systems, Inc. (MERS). Several months later, in July 2010, Surrogate’s Court appointed plaintiff administrator of Gogins’s estate. In her supporting affidavit explaining her delay in seeking appointment, plaintiff asserted that her mother’s lawyer led her to believe that he had secured a judgment in favor of the estate, when in fact the lawyer, now disbarred, had failed to take action on her mother’s behalf.
The month following her appointment, in August 2010, plaintiff filed the underlying action against Lewis, Tonya, BOA and MERS to declare the deed and mortgage null and void based on the alleged forgery. Thereafter, BOA moved to dismiss the complaint under CPLR 3211 (a) (5) as untimely under CPLR 213 (8), and plaintiff cross-moved to dismiss the statute of limitations affirmative defense asserted in the BOA and MERS joint answer. Supreme Court granted the motion to dismiss the complaint in its entirety as time-barred, and denied plaintiffs cross motion as moot.
The Appellate Division modified the order, denying the motion to dismiss as against the individual defendants and MERS, *224 on procedural grounds, leaving the action pending against those defendants (Faison v Lewis, 106 AD3d 1047 [2d Dept 2013]). On the merits, the Appellate Division concluded, in reliance on Second Department precedent, that plaintiffs forgery-based claim against defendant BOA was subject to the six-year statute of limitations for fraud claims set forth in CPLR 213 (8) (id. at 1048). We granted plaintiff leave to appeal against defendant BOA (22 NY3d 1193 [2014]).[1]
IL
As a preliminary matter, because this is an appeal from a dismissal under CPLR 3211 (a) (5), “[w]e accept the facts as alleged in the complaint as true, accord plaintiff! ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Leon v Martinez, 84 NY2d 83, 87-88 [1994] [citations omitted]). Accordingly, for purposes of this appeal, we must assume that the deed is forged.[2]
Plaintiff contends that a forged deed has long been treated as void ab initio, entirely without effect from inception. Therefore, the CPLR 213 (8) statute of limitations does not apply to her claims to vacate and declare the deed and defendant BOA’s mortgage-based interest in the property a legal nullity. We agree.
In Marden v Dorthy, this Court held that a forged deed was void at its inception, finding it to be a “spurious or fabricated paper” (160 NY 39, 53 [1899]), a forgery characterized by “the fraudulent making of a writing to the prejudice of another’s rights” {id.). As Mar den noted, a forged deed lacks the voluntariness of conveyance (see id. at 54). Therefore, it holds a unique position in the law; a legal nullity at its creation is never entitled to legal effect because “[v]oid things are as no things” (id. at 56).
A forged deed that contains a fraudulent signature is distinguished from a deed where the signature and authority for conveyance are acquired by fraudulent means. In such latter cases, the deed is voidable. The difference in the nature of the two justifies this different legal status. A deed containing *225 the title holder’s actual signature reflects “the assent of the will to the use of the paper or the transfer,” although it is assent “induced by fraud, mistake or misplaced confidence” (Marden, 160 NY at 50; see also Rosen v Rosen, 243 AD2d 618, 619 [2d Dept 1997]; 26A CJS, Deeds § 153 [“where the grantor knowingly executes the very instrument intended, but is induced to do so by some fraud in the treaty or by some fraudulent representation or pretense, the deed is merely voidable”]). Unlike a forged deed, which is void initially, a voidable deed, “until set aside, . . . has the effect of transferring the title to the fraudulent grantee, and . . . being thus clothed with all the evidences of good title, may incumber the property to a party who becomes a purchaser in good faith” (Marden, 160 NY at 50).
A forged deed, however, cannot convey good title, and “[i]t is legally impossible for any one [sic] to become a bona fide purchaser of real estate, or a purchaser at all, from one who never had any title, and that is this case” (id. at 56 [emphasis omitted]; see also Yin Wu v Wu, 288 AD2d 104, 105 [1st Dept 2001] [“A forged deed is void and conveys no title”]; 2-15 Warren’s Weed, New York Real Property § 15.01 [“A purchaser who takes title through a forged deed cannot be a bona fide purchaser, even if the purchaser did not have knowledge of the forgery”]). New York’s rule reflects a general well-established principle of real property law (see e.g. Harding v Ja Laur Corp., 20 Md App 209, 214, 315 A2d 132, 135 [1974] [“A forged deed . . . is void ab initio”]; Scott D. Erler, D.D.S. Profit Sharing Plan v Creative Fin. & Invs., L.L.C., 349 Mont 207, 214, 203 P3d 744, 750 [2009] [“forged conveyances are void ab initio and do not transfer title” (emphasis omitted)]; Brock v Yale Mtge. Corp., 287 Ga 849, 852, 700 SE2d 583, 586 [2010] [“we have also long recognized that a forged deed is a nullity and vests no title in a grantee”]; Akins v Vermast, 150 Or App 236, 241 n 7, 945 P2d 640, 643 n 7 [1997] [“If fraud is ‘in factum,’ such as a forged deed or a situation analogous to forgery, the deed is void ab initio and will not support subsequent title in any person” (emphasis omitted)]; First Natl. Bank in Albuquerque v Enriquez, 96 NM 714, 716, 634 P2d 1266, 1268 [1981] [“a forged deed is a void deed and transfers no interest”]; Williams v Warren, 214 Ark 506, 511, 216 SW2d 879, 881 [1949] [“No one can claim that an estate in land should be divested by forgery”]).
It is similarly true that no property shall be encumbered, including by a mortgagee, in reliance on a forged deed (see *226 Marden, 160 NY at 51; see also Cruz v Cruz, 37 AD3d 754, 754 [2d Dept 2007] [“A deed based on forgery or obtained by false pretenses is void ab initio, and a mortgage based on such a deed is likewise invalid”]; Jiles v Archer, 116 AD3d 664, 666 [2d Dept 2014] [“If a document purportedly conveying a property interest is void, it conveys nothing, and a subsequent bona fide purchaser or bona fide encumbrancer for value receives nothing”]; 2-15 Warren’s Weed, New York Real Property § 15.09 [“If the conveyance is void, the purchaser or encumbrancer will not enjoy any of the rights of a bona fide purchaser”]; 43A NY Jur 2d, Deeds § 218 [“a forged deed is null and void, and conveys nothing, and a purchaser or mortgagee from the grantee, even for value and without notice of the forgery, will not be protected”]).
Moreover, New York’s recording statute (Real Property Law § 291) does not apply to a forged deed (see Albany County Sav. Bank v McCarty, 149 NY 71, 74 [1896]; Grosch v Kessler, 231 App Div 870, 870 [2d Dept 1930]). Neither can recording a forged deed transform it into a document with legal authority to establish a valid property interest, for it “does not change the legal rights of any one [sic]” (Marden, 160 NY at 56). “The fact that a false and fabricated writing of this character is deposited in a public office for record, and is actually recorded, can add nothing to its legal efficacy” (id.). The recording statute applies to “genuine instruments and not to forged ones” (id., citing Albany County Sav. Bank, 149 NY 71).
Given the clarity of our law that a forged deed is void ab initio, and that it is a document without legal capacity to have any effect on ownership rights, the question remains whether a claim challenging a conveyance or encumbrance of real property based on such deed is subject to a time bar. Our case law permits only one answer: a claim against a forged deed is not subject to a statute of limitations defense.
As this Court held in Marden, a forged deed is void, not merely voidable. That legal status cannot be changed, regardless of how long it may take for the forgery to be uncovered. As this Court made clear in Riverside Syndicate, Inc v Munroe, a statute of limitations “does not make an agreement that was void at its inception valid by the mere passage of time” (10 NY3d 18, 24 [2008], citing Pacchiana v Pacchiana, 94 AD2d 721 [2d Dept 1983]). Consequently, plaintiff may seek to vacate the deed and defendant’s encumbrance upon the property. If, as plaintiff claims, the deed is a forgery, then it was never *227 valid and Tonya lacks title to Gogins’s half-interest in the property based on the “corrected” deed.
Indeed, this is the prevailing approach in other jurisdictions (see e.g. Moore v Smith-Snagg, 793 So 2d 1000, 1001 [Fla Dist Ct App, 5th Dist 2001] [“(o)f course, there is no statute of limitations in respect to the challenge of a forged deed, which is void ab initio” (emphasis omitted)]; see also Wright v Blocker, 144 Fla 428, 432-436, 198 So 88, 90-91 [1940]). The high court of West Virginia, for example, has observed that “there is no statute of limitations regarding void deeds” (MZRP, LLC v Huntington Realty Corp., 2011 WL 12455342, *4, 2011 W Va LEXIS 240, *13 [Mar. 10, 2011, No. 35692] [void tax deed]), while the high court of Idaho held that “[b]ecause [a] lease agreement was void ab initio, it could be challenged at any time” (Thompson v Ebbert, 144 Idaho 315, 318, 160 P3d 754, 757 [2007] [attempted lease void based on a lack of authority to lease only a portion of the property]).
III.
Defendant BOA contends that plaintiffs claim is time-barred because forgery is a category of fraud, and, like any other claim based on fraud, an action challenging a forged deed is subject to the limitations period of CPLR 213 (8). That conclusion cannot be squared with our decisions in Marden and Riverside Syndicate, nor with general principles of real property law. Nor is it supported by compelling policy reasons. On the contrary, our long-standing commitment to the protection of ownership interests and the integrity of our real property system favors the continued treatment of challenges to forged deeds as distinct from other claims, and exempt from a statute of limitations defense.[3]
Most notably, defendant wholly fails to address Marden and the well-established authority distinguishing forged deeds as void ab initio from instruments that are merely voidable. Instead, defendant, and our dissenting colleagues, seek to *228 distinguish Riverside as a case about illegal contracts, not deeds, and thus should be limited to its subject matter, namely instruments void at inception due to illegality. We are unpersuaded. The fact that Riverside involved an illegal agreement is no basis to limit its analysis as regards the statute of limitations. Instead, the language and analysis employed in Riverside make clear that the holding was based on a rule that is generally applicable to claims involving void documents, including, obviously, forged deeds.
First, Riverside relied on “the nature of a statute of limitations” (10 NY3d at 24). That, of course, refers to the statute’s function as barring stale claims. In contrast, a statute of limitations cannot grant legal significance to a document expressly rejected under the law; it cannot be deployed to validate what the law has never recognized.
Second, Riverside cited Pacchiana, a case that exempted a void document from the application of the statute of limitations, and in doing so distinguished between void and voidable documents, highlighting the significance of that legal distinction. In Pacchiana, the Appellate Division held that where a prenuptial agreement fails to comply with real property rules regarding the proper recording of a conveyance, the agreement is void at its inception and cannot be subject to the statute of limitations (Pacchiana, 94 AD2d at 722). Although the case involved a contract and not a forged deed, the Court nevertheless relied on statutory rules of real property conveyance, not general public policy against illegal contracts, in finding the prenuptial agreement to be void {id. at 721). Given this Court’s reliance on Pacchiana, the Riverside decision clearly applied a rule of general applicability regarding void documents to the specific facts of that case. There is, then, no reason to limit Riverside’s reach, or forgo application of the same general rule — a document void at its inception has no effect and cannot be subject to a statute of limitations — to cases involving a forged deed.
The defendant notes that the agreement in Riverside violated the Rent Stabilization Code, and because of its illegal nature violated public policy. However, defendant ignores the significant public policies underlying our real property system, which have animated the previously discussed real property rules that treat forged deeds as a legal nullity. The public policy concerns that underlie prohibitions on enforcement of illegal contracts are surely no more consequential than those appli *229 cable to forged deeds, and a forged deed is no less offensive to our legal system than an illegal contract. As the Court stated in Marden, a forged deed is essentially “[a] false making, with an evil design” (160 NY at 55). Indeed, New York has determined that forgery is sufficiently morally unacceptable and dangerous to society that our State has criminalized forgery, subjecting wrongdoers to potential criminal prosecution with the attendant risk of incarceration (see Penal Law §§ 170.05, 170.10, 170.15). Therefore, we will not impose statutes of limitations on forged deeds because the resulting prejudice to the “rights of the true owner of real estate” only “open[s] the door for the destruction of all titles, and make[s] it much easier for the criminal to purloin real than personal property” (see Marden, 160 NY at 57-58).
Having failed to persuade based on our case law, the defendant argues that a statute of limitations is necessary to protect the sanctity of real property titles. However, section 213 (8) contains a two-year discovery rule, which potentially extends the life of a claim years beyond the six-year statutory term. As a consequence, land titles already are subject to challenge, based on a forged deed, far into the future.[4]
Moreover, in a line of cases including Ford v Clendenin (215 NY 10 [1915]) and the more recent Orange & Rockland Util, v Philwold Estates (52 NY2d 253 [1981]), we recognized that certain property interests are exempt from any time limit. This Court observed in Ford that
“an owner in possession has a right to invoke the aid of a court of equity at any time while he is so the owner and in possession, to have an apparent, though in fact not a real incumbrance discharged from the record and such a right is never barred by the Statute of Limitations. It is a continuing right which exists as long as there is an occasion for its exercise” (215 NY at 16; see also Orange & Rock-land Util., 52 NY2d at 261, citing Ford).
Similarly, this Court held in Cameron Estates, Inc. v Peering that the statute of limitations did not bar plaintiffs action *230 challenging the forced sale of property where plaintiff paid all required taxes, rendering the underlying tax deed void ab initio (308 NY 24, 31 [1954]). Thus, contrary to defendant’s argument, there are property claims that cannot be extinguished by the passage of time.
Our dissenting colleagues argue that a statute of limitations is necessary in order to avoid litigation over claims which are difficult to defend because of the mere passage of time (see dissenting op at 234). As we have stated, the discovery provision in the statute allows for this possibility (see CPLR 213 [8]). In any case, the stale claims alluded to are just as likely to be difficult to prove, reducing the number of claims that will be filed when evidence has been destroyed and memories have faded.[5]
[6] Moreover, the argument for bringing finality to potentially stale claims fails to make the case for why the desire for repose is any more significant than the need to ferret out forged deeds and purge them from our real property system. As the law makes clear, a forged deed has no legal significance and cannot convey title, therefore there is no reason to impose barriers to those who seek to vacate such deed as null and void.[6]
IV
For over a century, since this Court’s decision in Marden, a forged deed has been treated in New York as void ab initio. As the Court recognized in Riverside, a statute of limitations cannot validate what is void at its inception. Therefore, a void deed is not subject to a statutory time bar. The defendant’s arguments are in contravention of Marden and Riverside, and would subject a claim of deed forgery to a six-year statute of *231 limitations under CPLR 213 (8), with the result that a forged deed may be relied upon to convey title and for purposes of encumbering real property. However, under well-established real property principles, because only a holder of legal title may convey an interest in real property, no property interest can be conveyed by a forged deed, and no person may be a bona fide purchaser of real estate on the force of such deed. Moreover, our recording statute does not apply to a forged deed, with the consequence that recording a forged deed cannot transfer title. We, thus, decline the defendant’s invitation to unsettle this established doctrine to the detriment of our State’s real property recording system.
To adopt defendant’s position is to permit a forged deed to accomplish, by the mere passage of time, what has always been forbidden — the encumbrance and transfer of title. Neither law nor public policy nor common sense dictates such outcome. Defendant fails to present a compelling reason to overturn or ignore our prior case law in the area of real property because as we have recognized, “parties in business transactions depend on the certainty of settled rules, fin real property more than any other area of the law, where established precedents are not lightly to be set aside’ ” (172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc., 24 NY3d 528, 535 [2014], citing Holy Props., v Cole Prods., 87 NY2d 130, 134 [1995]). No less so with respect to forged deeds, because landowners, banks, mortgagees, insurers, and a myriad of others depend on the simple rule that a forged deed is a legal nullity that cannot divest ownership or serve to encumber real property.
Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed and defendant Bank of America, N.A.’s motion to dismiss the complaint against it pursuant to CPLR 3211 (a) (5) denied.

. We note that the Appellate Division order is final only as to defendant BOA.

. In their answer, Lewis and Tonya assert that the deed is valid because “Percy Lee Gogins . . . authorize [d] and consented to the transfer and conveyance of his ownership interest in the Premises to Tonya Lewis.”

. Our dissenting colleagues contend that innocent purchasers who rely on the chain of title will be adversely affected if no statute of limitations applies to forged deed claims (see dissenting op at 236). However, many individuals rely on the validity of the recording system. The dissenters fail to recognize the great harm done if forged deeds may be permitted to obtain legal effect simply through the passage of time. Moreover, even under the dissenters’ approach, a forged deed claim may still be timely after six years, if filed pursuant to the discovery rule of CPLR 213 (8).

. Our dissenting colleagues find the discovery rule advantageous because it allows a victim of fraud to pursue a claim beyond the six-year statute of limitations prescribed by the CPLR (see dissenting op at 234). That possibility of filing a claim years, if not decades, after the deed is forged is the very reason why the defendant and dissenters’ arguments for a statute of limitations are underwhelming.

. In her reply brief, plaintiff concedes, and indeed affirmatively asserts, that forged deed claims are subject to a laches defense. This is generally the case in states that consider forged deeds void and thus apply no statute of limitations to bar actions to invalidate such deeds (see e.g. Robinson v Estate of Harris, 391 SC 114, 131, 705 SE2d 41, 50 [2011]). On this appeal, however, we need not consider laches because we must accept as true plaintiffs claims that she diligently sought to vacate the deed on forgery grounds (see Martinez, 84 NY2d at 87-88).

. Our dissenting colleagues argue that the loss of property suffered by a plaintiff whose forged deed claim is time-barred is no more offensive than the loss experienced by any other plaintiff whose claim is foreclosed as untimely (see dissenting op at 236). This is no point at all because it ignores the fact that forged deeds not only harm the true owner, but also undermine the integrity of our real property system. It is a harm so substantial that we have determined to avoid the effects of a forged deed by denying it any legal significance. It is, in the words of Marden, “no thing[ ]” (Marden, 160 NY at 56).