Nationstar Mtge. LLC v Fuller (2020 NY Slip Op 02556)





Nationstar Mtge. LLC v Fuller


2020 NY Slip Op 02556


Decided on April 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2020

Friedman, J.P., Kapnick, Webber, Oing, JJ.


11445N 32324/16E

[*1]Nationstar Mortgage LLC, Plaintiff-Appellant,
v
Claudette Fuller, et al., Defendants-Respondents, New York State Department of Taxation & Finance, et al., Defendants.


Taroff & Taitz, LLP, Bohemia (Linda D. Calder of counsel), for appellant.
Michael Kennedy Karlson, New York, for respondents.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about August 27, 2018, which denied plaintiff's motion to amend the complaint, unanimously affirmed, without costs.
The court providently exercised its discretion in declining to permit plaintiff to add to its foreclosure complaint, inter alia, an equitable subrogation cause of action and a cause of action under Real Property Law § 306 (see Davis v South Nassau Communities Hosp., 26 NY3d 563, 580 [2015]; CPLR 3025[b]). Plaintiff failed to demonstrate that the proposed claims had some arguable merit. Having considered and rejected plaintiff's summary judgment and reargument motions, the court was well aware of the merits of the original claims and the deficiencies of the proposed new claims.
Contrary to plaintiff's contention, the proposed claim under Real Property Law § 306 is, like the other proposed claims, dependent on the validity of Fuller's signature on the note. The recording of a forged instrument does not transform the instrument into a document with legal authority to establish a valid property interest (Faison v Lewis, 25 NY3d 220, 226 [2015]).
Moreover, plaintiff failed to explain its delay in moving to amend. It was aware when the action was filed that documentation of the Wells Fargo mortgage and of its satisfaction, which provided the factual predicate for the equitable subrogation claim, was missing and that the mortgage was in arrears. Moreover, defendants' answers, in which they asserted that Fuller's signature on the note was a forgery, put plaintiff on notice in May 2016 that the validity of the note and mortgage were being challenged. Yet plaintiff waited until 4½ months after filing the note of issue, on January 23, 2018, to seek amendment.
It also appears that defendants were prejudiced by being confronted with new claims after [*2]plaintiff had stated that the case was ready for trial. Moreover, they assert that potential witnesses to fraud by plaintiff's predecessors are no longer available or cannot be located at this time.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2020
CLERK