Gerlitz v Biddle (2022 NY Slip Op 00851)





Gerlitz v Biddle


2022 NY Slip Op 00851


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2019-07948
 (Index No. 703832/16)

[*1]Dennis Gerlitz, respondent, 
v
Tami Biddle, et al., defendants, Denise Ebron, appellant.


Gary Schoer, Syosset, NY, for appellant.
Finkelstein Filler, LLP, Staten Island, NY (Edward R. Finkelstein of counsel), for respondent.



DECISION & ORDER
In action to foreclose a mortgage, the defendant Denise Ebron appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered May 16, 2019. The order, insofar as appealed from, denied that defendant's motion pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage and pursuant to CPLR 6514 to cancel the notice of pendency.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a mortgage on certain real property located in Queens (hereinafter the property), which was formerly owned by John Biddle (hereinafter the decedent), who died in or about March 2008. On October 21, 2008, the decedent's daughter, the defendant Tami Biddle, obtained letters of administration for the decedent's estate. Thereafter, on November 26, 2008, Biddle, acting as administrator of the estate, executed a deed conveying the property to herself and to her sister, the defendant Denise Ebron. In 2009, Biddle and Ebron obtained a loan from the plaintiff in the principal sum of $70,000, and granted the plaintiff a mortgage on the property as security therefor.
In 2016, the plaintiff commenced this action against Biddle, Ebron, and others, alleging a default on the note. Prior to or during the pendency of this action, purported distributees of the decedent filed a petition in the Surrogate's Court, inter alia, challenging Biddle's appointment as administrator. Around the same time, Ebron petitioned the Surrogate's Court to admit to probate the purported last will and testament of the decedent.
The parties to the Surrogate's Court proceeding, including Biddle and Ebron, subsequently stipulated that the will would be admitted to probate. The stipulation also provided, as relevant, that the property would be conveyed to certain other heirs of the decedent, "free and clear" of any mortgages. After the parties entered into this stipulation, the Surrogate's Court rendered a decree dated March 20, 2017, which, inter alia, removed Biddle as administrator of the estate.
Ebron then moved, in this action, pursuant to RPAPL 1501(4) to cancel and discharge [*2]of record the subject mortgage and pursuant to CPLR 6514 to cancel the notice of pendency. In an order entered May 16, 2019, the Supreme Court, inter alia, denied the motion. Ebron appeals.
Contrary to Ebron's contention, she failed to establish that the November 26, 2008 deed, as well as the subject mortgage, were void ab initio. A deed that is forged is a legal nullity, which conveys nothing, and a mortgage based on such a deed is likewise invalid (see Faison v Lewis, 25 NY3d 220, 225). However, a deed that is "acquired by fraudulent means" is merely voidable (id. at 224). A "voidable deed, 'until set aside, . . . has the effect of transferring the title to the fraudulent grantee, and . . . being thus clothed with all the evidences of good title, may incumber the property to a party who becomes a purchaser in good faith'" (id. at 225, quoting Marden v Dorthy, 160 NY 39, 50).
Here, Ebron does not contend that the November 26, 2008 deed was forged—nor has she shown that the grantor executed it without authority and under false pretenses (see Cruz v Cruz, 37 AD3d 754). To the contrary, the record shows that the grantor, Biddle, was cloaked with apparent authority, since she executed the deed in her capacity as administrator of the decedent's estate, pursuant to letters of administration issued by the Surrogate's Court. The fact that Biddle's letters of administration were later revoked—for reasons that are not known to this Court or apparent from the face of the record—does not render the deed void ab initio, but, at most, voidable (see Matter of Shau Chung Hu v Lowbet Realty Corp., 161 AD3d 986, 988).
Moreover, Ebron has neither argued nor showed that the plaintiff was not a bona fide encumbrancer of the property. Under these circumstances, Ebron has failed to establish that the deed or mortgage should be set aside based on fraud, as against the plaintiff (see id. at 989).
Ebron's remaining contention is without merit.
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court