Ehlenfield v Kingsbury (2022 NY Slip Op 03817)

Ehlenfield v Kingsbury

2022 NY Slip Op 03817

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

207 CA 21-00533

[*1]KIM EHLENFIELD, PLAINTIFF-APPELLANT,
v
JASON W. KINGSBURY AND MAUREEN P. MORAN, DEFENDANTS-RESPONDENTS. 

WEBSTER & DUBS, P.C., KENMORE (JOSHUA E. DUBS OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
FIDELITY NATIONAL LAW GROUP, NEW YORK CITY (VANESSA ELLIOTT OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered March 23, 2021. The judgment, among other things, granted defendants' cross motion for summary judgment, dismissed plaintiff's complaint and issued a declaration with respect to defendants' counterclaim. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: When Robert E. Bardwell (decedent) died, he was survived by his brother, Richard J. Bardwell (brother). In his will, decedent named the brother as executor of the estate and left various items to plaintiff, including a property in Buffalo. Plaintiff was, at various times, represented by three separate attorneys. With the knowledge and alleged consent of plaintiff and her first two attorneys, the brother sold the property to defendants via an executor's deed (deed). After satisfying the mortgage on the property, the brother placed the net proceeds from the sale into the estate's account while waiting for the time period for creditors to make claims to pass. Once that time period passed, the brother asked plaintiff, through the attorney who was representing her at that time, to sign a release from liability before paying her the sum she was due.
At the time of distribution, and after paying all of the estate's expenses, debts and other obligations, the estate was left with a sum of money considerably less than the amount the estate received after selling the property and satisfying the mortgage. Plaintiff thereafter consulted with the third attorney, after which she refused to sign the release and commenced this action against defendants, i.e., the buyers of the property, seeking to have the deed declared void ab initio, to obtain quiet title to the property and to be adjudged the owner of the property. Plaintiff also sought a declaration that defendants have no interest in the property and a money judgment against defendants for costs and attorney's fees.
After plaintiff moved for summary judgment on the complaint, defendants filed a cross motion seeking, inter alia, summary judgment on their counterclaim for quiet title and a declaration that their ownership interest in the property is free and clear of any interest on the part of plaintiff. Supreme Court, inter alia, denied plaintiff's motion, granted defendants' cross motion, dismissed the complaint and declared that the deed is valid and that defendants are the owners of the property "free and clear of any claim by" plaintiff. We now affirm.
Although plaintiff correctly contends that, inasmuch as the bequest of the property to her was a specific bequest, her interest in the property vested immediately upon decedent's death (see Matter of Van Houten, 18 App Div 306, 308 [2d Dept 1897], affd sub nom. Matter of Pye, 154 NY 773 [1898]; Matter of Ballesteros, 20 AD3d 414, 415 [2d Dept 2005]), we note that "the vesting of title was subject to the execut[or]'s power under the will to sell the real property to [*2]satisfy the estate's debts and obligations" (Ballesteros, 20 AD3d at 415; see EPTL 13-1.3 [c]; DiSanto v Wellcraft Mar. Corp., 149 AD2d 560, 562-563 [2d Dept 1989], lv denied 75 NY2d 703 [1990]). It is well settled, however, that an executor cannot sell such specifically devised property pursuant to EPTL 13-1.3 (c) "without leave of [Surrogate's Court]" (Matter of Barich, 27 Misc 3d 1234[A], 2010 NY Slip Op 51028[U], *3 [Sur Ct, Dutchess County 2010], mod on other grounds 91 AD3d 769 [2d Dept 2012]; see EPTL 11-1.1 [b] [5] [E]). There is no dispute that the brother did not seek leave of the Surrogate before selling the property to defendants.
We nevertheless conclude that, contrary to plaintiff's contention, defendants established on their cross motion that the sale was valid inasmuch as plaintiff and her first two attorneys affirmatively consented to the sale. The day after decedent died, plaintiff sent a message to the brother about selling the property. Both of her initial attorneys knew of and affirmatively approved of the sale, and plaintiff's consent to that sale is evidenced by the terms set forth in the various emails and text messages exchanged between plaintiff, the brother and their attorneys. It is well established that "e-mails exchanged between counsel, which contain[ ] their printed names at the end, constitute signed writings (CPLR 2104) within the meaning of the statute of frauds" and can be the basis of a binding agreement (Williamson v Delsener, 59 AD3d 291, 291 [1st Dept 2009]).
We further conclude that, in opposition to the cross motion, plaintiff failed to raise a triable issue of fact with respect to that issue (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Plaintiff submitted an affidavit in which she averred that she never "consent[ed] to transfer of the property," and defendants submitted portions of plaintiff's deposition wherein plaintiff testified that her two initial attorneys, who admittedly acted on her behalf in agreeing to the sale of the property by the brother, either acted without her knowledge or were "tricked" into agreeing to the sale. Although, as a general matter, "credibility is an issue that should be left to a fact finder at trial, 'there are of course instances where credibility is properly determined as a matter of law' " (Sexstone v Amato, 8 AD3d 1116, 1117 [4th Dept 2004], lv denied 3 NY3d 609 [2004]; see Finley v Erie & Niagara Ins. Assn., 162 AD3d 1644, 1645-1646 [4th Dept 2018]). We conclude that plaintiff's "self-serving [affidavit and] deposition testimony . . . , which [are] contrary to all other evidence," including plaintiff's own prior messages consenting to the sale of the property, permit the granting of summary judgment in favor of defendants on their cross motion based on the validity of the sale (Holmes v McCrea, 186 AD3d 1043, 1045 [4th Dept 2020]; see Finley, 162 AD3d at 1646).
In any event, contrary to plaintiff's further contention, defendants established on their cross motion that they were bona fide purchasers for value and, as such, are entitled to summary judgment on the cross motion on that basis. "A bona fide purchaser is 'one who purchases real property in good faith, for valuable consideration, without actual or record notice of another party's adverse interests in the property and is the first to record the deed or conveyance' " (SRP 2012-4, LLC v Chan, 176 AD3d 1628, 1629-1630 [4th Dept 2019]; see Unity Elec., Co., Inc. v William Aversa 2012 Trust, 193 AD3d 792, 794 [2d Dept 2021]). Plaintiff contends that defendants had a duty to inquire merely because the sale was consummated via an executor's deed. We reject that contention and conclude that plaintiff did not raise any triable issues of fact in opposition to the cross motion concerning defendants' duty to inquire (cf. Petrizzo v Kochersberger, 148 Misc 2d 478, 479 [Sur Ct, Suffolk County 1990]).
Contrary to plaintiff's additional contention, the documents conveying the interest in the property to defendants are not void ab initio. Generally, "[i]f documents purportedly conveying a property interest are void, they convey nothing, and a subsequent bona fide purchaser or bona fide encumbrancer for value receives nothing" (First Natl. Bank of Nev. v Williams, 74 AD3d 740, 742 [2d Dept 2010]; see Jiles v Archer, 116 AD3d 664, 666 [2d Dept 2014]; see generally Faison v Lewis, 25 NY3d 220, 225-226 [2015], rearg denied 26 NY3d 946 [2015]). If the documents purportedly conveying a property interest are merely voidable, however, then bona fide purchasers for value who lack knowledge of fraud by the grantor or affecting the grantor's title are generally protected in their title (see Matter of Shau Chung Hu v Lowbet Realty Corp., 161 AD3d 986, 988-989 [2d Dept 2018]; see also Lembeck & Betz Eagle Brewing Co. v Sexton, 184 NY 185, 191 [1906]).
Here, the evidence submitted on the motion and cross motion established that the deed is not void ab initio but, at most, voidable. Although it is well settled that "[a] deed based on [*3]forgery or obtained by false pretenses is void ab initio" (Cruz v Cruz, 37 AD3d 754, 754 [2d Dept 2007]; see Jiles, 116 AD3d at 666), plaintiff does not contend that the deed was based on forgery or obtained by false pretenses. Rather, plaintiff merely contends that the brother lacked the authority to sell the property. Even if we assume, arguendo, that plaintiff is correct on the issue of the brother's authority, "sales of property by executors falling within certain prohibitions of a long public policy are voidable and not void" (Mayer v Crandall, 285 App Div 723, 728 [3d Dept 1955]). As a result, defendants, as bona fide purchasers, are protected against rescission under the circumstances of this case (see Matter of Raccioppi, 128 AD3d 838, 839 [2d Dept 2015]).
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court