Canecchia v Richmond Assoc. NY, LLC (2025 NY Slip Op 01341)

Canecchia v Richmond Assoc. NY, LLC

2025 NY Slip Op 01341

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-08736
 (Index No. 150613/21)

[*1]Doreen Canecchia, respondent-appellant, 
v
Richmond Associates NY, LLC, appellant-respondent, et al., defendant.

Butler, Fitzgerald & Fiveson, P.C., New York, NY (David K. Fiveson and Mark J. Krueger of counsel), for appellant-respondent.
Staten Island Legal Services, Staten Island, NY (Jennifer Lerman of counsel), for respondent-appellant.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property, the defendant Richmond Associates NY, LLC, appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Richmond County (Charles M. Troia, J.), dated July 19, 2023. The order, insofar as appealed from, denied the motion of the defendant Richmond Associates NY, LLC, for summary judgment dismissing the complaint insofar as asserted against it and to cancel a notice of pendency. The order, insofar as cross-appealed from, denied the plaintiff's cross-motion for summary judgment on the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, and the motion of the defendant Richmond Associates NY, LLC, for summary judgment dismissing the complaint insofar as asserted against it and to cancel a notice of pendency is granted; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Richmond Associates NY, LLC.
In 2007, Marie Petosa signed a deed conveying certain real property to Maria Del Rio. Del Rio obtained a mortgage loan on the property, which allegedly was assigned to the defendant Bank of America, N.A. In 2019, Petosa died, and the plaintiff was granted letters testamentary. That same year, Del Rio sold the property to TC Brokers, LLC, and, in 2020, TC Brokers, LLC, sold the property to the defendant Richmond Associates NY, LLC (hereinafter Richmond).
In 2021, the plaintiff commenced this action pursuant to RPAPL article 15 to quiet title to the property, alleging that the deed from Petosa to Del Rio was void ab initio and, thus, that the mortgage loan obtained by Del Rio and the two subsequent deeds were also void by operation of law. After the completion of discovery, Richmond moved for summary judgment dismissing the complaint insofar as asserted against it and to cancel a notice of pendency, and the plaintiff cross-moved for summary judgment on the complaint. In an order dated July 19, 2023, the Supreme Court denied the motion and the cross-motion. Richmond appeals, and the plaintiff cross-appeals.
"A deed that is forged is a legal nullity, which conveys nothing, and a mortgage based [*2]on such a deed is likewise invalid" (Gerlitz v Biddle, 202 AD3d 762, 764; see Faison v Lewis, 25 NY3d 220, 225). A deed that is "acquired by fraudulent means," however, is merely voidable (Faison v Lewis, 25 NY3d at 224). A "voidable deed, 'until set aside, . . . has the effect of transferring the title to the fraudulent grantee, and . . . being thus clothed with all the evidences of good title, may incumber the property to a party who becomes a purchaser in good faith'" (id. at 225, quoting Marden v Dorthy, 160 NY 39, 50; see Gerlitz v Biddle, 202 AD3d at 764).
Contrary to the plaintiff's contention, she failed to demonstrate, prima facie, that the deed from Petosa to Del Rio was void ab initio. It is undisputed that Petosa executed and delivered a deed to the property to Del Rio, and there is no allegation that Petosa's signature was a forgery. Rather, the plaintiff claims that Del Rio's signature on an RP-5217-NYC transfer document necessary to record the deed was forged. However, "recording is not required in order to transfer title to real property" (Matter of Humann, 136 AD3d 1036, 1037; see Saline v Saline, 106 AD3d 1072, 1074). "In order to transfer title, an executed deed must be delivered to and accepted by the grantee" (Matter of Humann, 136 AD3d at 1036). Consequently, title to the property was transferred to Del Rio upon delivery to and acceptance of the executed deed by Del Rio, and any forged signature on the RP-5217-NYC transfer document necessary to record the deed would not affect the validity of the transfer of title or of the subsequent mortgage (cf. Gerlitz v Biddle, 202 AD3d at 764).
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint. However, inasmuch as the evidence demonstrated as a matter of law that the deed to Del Rio was not void as claimed by the plaintiff, the court should have granted Richmond's motion for summary judgment dismissing the complaint insofar as asserted against it and to cancel the notice of pendency.
In light of our determination, the parties' remaining contentions need not be reached.
IANNACCI, J.P., CHRISTOPHER, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court