Rhiney v Rhiney

2026 NY Slip Op 02428

April 22, 2026

Appellate Division, Second Department

Landicino

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Shanise Rhiney, respondent,

v

Denise E. Rhiney, appellant, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2024-02311, (Index No. 519132/21)

Mark C. Dillon, J.P.

Paul Wooten

Carl J. Landicino

Donna-Marie E. Golia, JJ.

Viscardi, Basner, & Bigelow, P.C., Richmond Hill, NY (Luke J. Bigelow of counsel), for appellant.

Levy Goldenberg LLP, New York, NY (Andrew R. Goldenberg and Tanya Korkhov of counsel), for respondent.

APPEAL by the defendant Denise E. Rhiney, in an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property and for related declaratory relief, from an order of the Supreme Court (Francois A. Rivera, J.), dated February 2, 2024, and entered in Kings County. The order, insofar as appealed from, in effect, granted the plaintiff's cross-motion for summary judgment on the causes of action to quiet title to the subject real property and for a judgment declaring that she is the sole owner of the subject real property and that a deed dated May 14, 2004, by that defendant transferring the subject real property to the plaintiff and that defendant as joint tenants with the right of survivorship is void ab initio, and thereupon, directed that defendant to deliver to the plaintiff an administrator's deed granting the subject real property to the plaintiff alone in fee simple absolute.

Landicino, J.

[*1]

The primary question presented in this appeal is whether a transfer of property by an administrator c.t.a. in a manner that is inconsistent with a specific bequest in a will is voidable or void ab initio. In our view, an administrator c.t.a. who receives letters of administration c.t.a. from the Surrogate's Court is cloaked with apparent authority to make a transfer of property from the estate, even if that transfer is contrary to the terms of the decedent's will. As such, the transfer is voidable, not void ab initio.

The undisputed facts of this case are as follows: On April 13, 1998, Floribel Nelson (hereinafter the decedent) died. Prior to her death, the decedent owned real property located in Brooklyn (hereinafter the subject property). In her will, the decedent bequeathed her entire estate, including the subject property, to the plaintiff, who was the decedent's grandniece, and two other [*2]family members who had apparently predeceased the decedent. Because the will further provided that, "if any [of the named heirs] do not survive [the decedent], then his or her share shall be divided equally among the survivors, and if there is only one survivor, said survivor shall take the whole estate," the plaintiff was the sole surviving beneficiary of the decedent's estate at the time of the decedent's death.

It is further undisputed that, in May 2001, the defendant Denise E. Rhiney (hereinafter the defendant), who is the plaintiff's mother, filed a petition for probate and letters of administration c.t.a. After the plaintiff renounced her right to letters of administration c.t.a. and consented that such letters be issued to the defendant, the defendant was issued letters of administration c.t.a. by the Surrogate's Court, Bronx County. FN1In a decree dated August 7, 2003, the Surrogate's Court admitted the decedent's will to probate.

In her undisputed capacity as administrator c.t.a. of the decedent's estate, the defendant transferred the subject property to herself and the plaintiff as joint tenants with the right of survivorship by deed dated May 14, 2004 (hereinafter the deed). According to the defendant, the conveyance of the subject property was made at the plaintiff's request because the plaintiff was a college student and did not want to manage the subject property on her own. During her deposition, the defendant testified that there had been an oral agreement between herself and the plaintiff that the defendant and the plaintiff would have ownership of the subject property as joint tenants. Under this purported agreement, the defendant would manage the subject property and pay all expenses related to the upkeep of the subject property, while the plaintiff would contribute a small monthly sum. According to the defendant, the plaintiff lived at the subject property from 2004 to 2019 without making any payments. In contrast, the plaintiff testified during her deposition that the defendant had told her that the decedent devised the subject property to both the defendant and the plaintiff such that they each would own an undivided half interest of the subject property as joint tenants, which the plaintiff testified she believed until she saw a copy of the decedent's will in 2020.

In 2021, the plaintiff commenced this action against the defendant and another defendant that is not relevant to this appeal,FN2 inter alia, pursuant to RPAPL article 15 to quiet title to the subject property, asserting that the defendant "created a scheme to defraud" her for the purpose of obtaining an interest in the subject property that the defendant was not entitled to. The plaintiff also sought a judgment declaring that she is the sole owner of the subject property and that the deed was void ab initio. According to the plaintiff, the deed was void ab initio because the defendant lacked authority to convey the subject property to herself and the plaintiff as joint tenants since the decedent's will stated that the subject property was devised to the plaintiff only. In June 2023, the plaintiff cross-moved for summary judgment on the causes of action to quiet title to the subject property and for a judgment declaring that she is the sole owner of the subject property and that the deed is void ab initio. In an order dated February 2, 2024, the Supreme Court, among other things, in effect, granted the plaintiff's cross-motion, determining that the deed was "not merely voidable but . . . void ab initio," and thereupon, directed the defendant to "deliver to the plaintiff . . . a duly written, executed, and endorsed Administrator's Deed, in recordable form, granting the [subject] property . . . to [the plaintiff] alone in fee simple absolute." The defendant appeals.

"[T]here is a critical distinction between that which is void and that which is voidable. A void real estate transaction is one where the law deems that no transfer actually occurred, such as where the transaction was based upon a forgery or false pretenses" (Rockwell v Despart, 212 AD3d 27, 33-34 [citations and internal quotation marks omitted], citing, inter alia, Faison v Lewis, 25 NY3d 220, 225 and Cruz v Cruz, 37 AD3d 754, 754; see Citibank N.A. v Burns, 187 AD3d 839, 840). "In contrast, a voidable real estate transaction is one where a transfer is deemed to have occurred, but can be revoked, such as where a signature or the authority to convey was acquired by fraud, mistake or misplaced confidence" (Rockwell v Despart, 212 AD3d at 34 [citations and internal quotation marks omitted]). In other words, "[a] forged deed that contains a [*3]fraudulent signature is distinguished from a deed where the signature and authority for conveyance are acquired by fraudulent means" (Faison v Lewis, 25 NY3d at 224). "Unlike a forged deed, which is void initially, a voidable deed, 'until set aside, . . . has the effect of transferring the title to the fraudulent grantee, and . . . being thus clothed with all the evidences of good title, may incumber the property to a party who becomes a purchaser in good faith'" (id. at 225, quoting Marden v Dorthy, 160 NY 39, 50).

There is no dispute that the decedent's will did not direct that the subject property was to be transferred to the defendant and the plaintiff jointly. Notwithstanding, it cannot be said that the deed transferring the subject property was void ab initio because, as is explained below, the plaintiff failed to establish that the transaction was based on forgery or false pretenses.

Two contemporary decisions demonstrate that a transfer of property that is contrary to the express terms of a will renders the transaction voidable but not void ab initio. In Gerlitz v Biddle (202 AD3d 762, 764), similar to the subject facts, after the decedent died testate, the grantor obtained letters of administration for the decedent's estate, conveyed the decedent's property to herself and the defendant, and obtained a loan secured by a mortgage on the property. Later, other distributees of the decedent's estate challenged the appointment of the grantor as the administrator of the decedent's estate (see id.). The letters of administration were revoked by the Surrogate's Court (see id.). After the plaintiff commenced an action to foreclose the mortgage, the defendant claimed that the deed was void ab initio. This Court held that the defendant did

"not contend that the . . . deed was forged—nor has she shown that the grantor executed it without authority and under false pretenses. To the contrary, the record shows that the grantor . . . was cloaked with apparent authority, since she executed the deed in her capacity as administrator of the decedent's estate, pursuant to letters of administration issued by the Surrogate's Court. The fact that [the] letters of administration were later revoked—for reasons that are not known to this Court or apparent from the face of the record—does not render the deed void ab initio, but, at most, voidable" (id. [citation omitted]).

Additionally, in Ehlenfield v Kingsbury (206 AD3d 1671, 1672), the decedent named his brother as executor of his will and left certain property to the plaintiff in the will. The executor, "[w]ith the knowledge and alleged consent of plaintiff and her first two attorneys," sold the property to the defendants via an executor's deed (id.). After the mortgage was satisfied, the executor placed the net proceeds of the sale into the estate's account and proceeded to make distributions according to the will (see id.). After apparently realizing that her distribution from the sale was considerably less than the amount the estate received after selling the property and satisfying the outstanding mortgage, the plaintiff commenced an action against the defendant seeking to have the deed declared void ab initio (see id.). The Appellate Division, Fourth Department, held, inter alia, that the deed was not void ab initio. The court stated, "plaintiff merely contends that the brother lacked the authority to sell the property. Even if we assume, arguendo, that plaintiff is correct on the issue of the brother's authority, 'sales of property by executors falling within certain prohibitions of a long public policy are voidable and not void'" (id. at 1675, quoting Mayer v Crandall, 285 App Div 723, 728).

Gerlitz stands for the proposition that any purported lack of authority by an administrator c.t.a. of a will to transfer property renders a deed voidable, rather than void ab initio, in that the administrator c.t.a. is cloaked with apparent authority to make the transfer by virtue of the appointment by the Surrogate's Court. Like in Gerlitz, the plaintiff here contends that the will did not grant the defendant the authority to transfer the subject property to herself and the plaintiff as joint tenants, and that purported lack of authority renders the deed void ab initio. However, the defendant was cloaked with the apparent authority to make the transfer because it is undisputed that she had been appointed as administrator c.t.a. by the Surrogate's Court (see Gerlitz v Biddle, 202 AD3d at 764). This apparent authority is all that is required to render the deed voidable, rather than void ab initio.

Moreover, the court in Ehlenfield stated that, even if an executor did not have the authority in the will to transfer property to the buyers, such a sale would be voidable rather than void ab initio. The situation in Ehlenfield closely resembles the situation at bar, since both cases involved a will and, in both cases, there was a dispute as to whether the plaintiff agreed to have the property transferred in a manner that was not contemplated by the will. The plaintiff here challenged the transfer after it occurred. Like in Ehlenfield, the alleged failure of the administrator c.t.a. (or executor) to follow the provisions in the will would render the deed voidable, but not void ab initio.

From this precedent, certain principles may be drawn. Letters of administration empower a party possessing them to distribute the estate property, even in circumstances where the intentions of the decedent are not realized. Although the parties, depending on their status, may seek to avoid the consequences of the fiduciary's actions (the voidable aspect of the distribution), the letters nonetheless grant apparent authority to the administrator (see Gerlitz v Biddle, 202 AD3d at 764). Reliance on the letters is reasonable and favored. Otherwise, the authority of the administrator pursuant to the letters would be unreliable. The purpose of the proceedings seeking letters of administration in the Surrogate's Court is to permit those relying on the letters to trust in their authority (see SCPA 703[1] ["letters granted by the court are conclusive evidence of the authority of the persons to whom they are granted until the decree granting them is reversed or modified upon appeal or the letters are suspended, modified or revoked by the court granting them"]). As in Gerlitz, where the letters were later revoked after the challenged transfer of property took place, any transactions that occurred prior to the revocation could not be considered void ab initio but were voidable (see Gerlitz v Biddle, 202 AD3d at 764). To hold otherwise could have a chilling effect on the ability of the parties to settle the estate in a reasonable and timely manner.

It should also be noted that the order appealed from, in effect, granted the plaintiff's cross-motion for summary judgment and it was the plaintiff's burden to prove that the deed was "based on forgery or obtained by false pretenses" (Cruz v Cruz, 37 AD3d at 754). Here, the plaintiff's submissions established only that the deed was issued contrary to the terms of the will, which stated that the subject property was to be transferred to the plaintiff alone. The plaintiff did not satisfy her prima facie burden of proving that the deed was void ab initio because she merely proved that the defendant, as administrator c.t.a., who was cloaked with apparent authority to transfer the subject property, acted contrary to the terms of the will in making the transfer, which renders the deed voidable but not void ab initio (see Ehlenfield v Kingsbury, 206 AD3d at 1675; Gerlitz v Biddle, 202 AD3d at 764). While the plaintiff contends that the defendant engaged in fraudulent behavior by telling her, untruthfully, that the decedent devised the subject property to both of them, thereby acting in derogation of the terms of the will, those allegations do not constitute "false pretenses" that would void the transfer of property ab initio. "False pretenses" in this context "encompass[ ] the procurement of a genuine signature 'by some trick or device to a piece of blank paper,' such as 'a deed or other instrument subsequently written over it without [the signer's] knowledge'" (DiCenzo v Mone, 237 AD3d 1448, 1454 [3d Dept 2025], quoting Marden v Dorthy, 160 NY at 49). A signature on a deed or other instrument might also be obtained "by means of hypnotic suggestions or influences" (Marden v Dorthy, 160 NY at 49). In those instances, "although the signature on the document is genuine, it lacks 'assent of the will'" (DiCenzo v Mone, 237 AD3d at 1454, quoting Marden v Dorthy, 160 NY at 49), and such a signature has "no more effect than any other forgery" (Marden v Dorthy, 160 NY at 49). "[F]alse pretenses may be established, and an 'instrument will be deemed void[,] because the signer was unaware of the nature of the instrument he or she was signing, such as where the signer is illiterate, or blind, or ignorant of the alien language of the writing, and the contents thereof are misread or misrepresented to him [or her] by the other party, or even by a stranger'" (DiCenzo v Mone, 237 AD3d at 1454, quoting Cash v Titan Fin. Servs., Inc., 58 AD3d 785, 788). Here, there is no indication in the record that the transfer of the subject property was brought about by a trick [*4]or some other device that would render the deed akin to a forgery. The defendant signed the deed and there is no allegation that the defendant was tricked or defrauded, or that the signature was not the defendant's (see Scott v Martinez, 272 AD2d 441, 441). "Ultimately, the crux of [the] plaintiff['s] [contention] is that [the defendant] executed the deed and conveyed the [subject] property without the proper authority, an assertion that 'does not render the deed void ab initio, but, at most, voidable'" (DiCenzo v Mone, 237 AD3d at 1455, quoting Gerlitz v Biddle, 202 AD3d at 764).

Despite this, the plaintiff contends that the transfer of the subject property is void ab initio because title to the subject property vested in the plaintiff immediately upon the decedent's death and the defendant, as administrator c.t.a. of the decedent's estate, had no interest in the subject property to transfer. The plaintiff is correct that title in real property vests at the time of the decedent's death (see Waxson Realty Corp. v Rothschild, 255 NY 332, 336; DiSanto v Wellcraft Mar. Corp., 149 AD2d 560, 562). However, such vesting is not absolute, and there are circumstances that would allow the administrator c.t.a. to dispose of the property in a manner that is not contemplated by the specific bequest. Stated another way, "the law presents the anomalous situation in which, although title to the property technically vests in the devisees relating back to the date of decedent's death once the will is admitted to probate, the executor [or administrator] nevertheless has the power to sell the real property" (Matter of Marino, 146 Misc 2d 188, 189 [Sur Ct, Bronx County 1990] [citation omitted]; see Matter of Ballesteros, 20 AD3d 414, 415). Thus, while title to the property technically vests in the beneficiary at the time of the decedent's death, the administrator still has some authority to transfer the property without the assent of the beneficiary. Where a will does not specifically bequeath real property, the administrator has the statutory authority to sell it (see EPTL 11-1.1[b][5]), and that authority "nonetheless exists," subject to approval by the Surrogate's Court, even if the will specifically prohibits sale of the property (id. § 11-1.1[b][5][E]). Where real property is specifically bequeathed in a will, the administrator may still sell the property, subject to approval from the Surrogate's Court (see Margaret Valentine Turano, Prac Commentaries, McKinney's Cons Laws of NY, EPTL 13-1.3 ["EPTL 11-1.1(b)(5) allows an executor to sell estate property, both real and personal, not specifically disposed of by the will. If real property is specifically devised, a fiduciary can seek court permission under SCPA Article 19 to sell it to pay expenses and debts"]; see also EPTL 11-1.1[c] ["The court having jurisdiction of the estate or trust may authorize the fiduciary to exercise any other power which in the judgment of the court is necessary for the proper administration of the estate"]).

Here, the decedent died testate and letters of administration c.t.a. were issued to the defendant. The vesting of the subject property in the plaintiff was not absolute and the defendant retained the statutory authority to alienate the subject property under certain circumstances. A purchaser in this situation may reasonably rely on the authority of the administrator c.t.a., as evidenced by the letters of administration c.t.a., for the assurance that the transfer was authorized by the will or statute. Although the transfer of the subject property in this case was not for a statutory purpose explicitly outlined in the EPTL or SCPA, the defendant, as administrator c.t.a., was nonetheless cloaked with apparent authority, on which a purchaser might reasonably rely, to make the transfer by virtue of the fact that she obtained letters of administration c.t.a. (see Ehlenfield v Kingsbury, 206 AD3d at 1675; Gerlitz v Biddle, 202 AD3d at 764). Even though she did not do so, the fact that the defendant could have received express authority from the Surrogate's Court to make the transfer renders such a transfer voidable, but not void ab initio (see Rockwell v Despart, 212 AD3d at 35 ["there remains 'a difference in quality between an act which cannot be performed at all and an act which is authorized, but which requires judicial approval'; '[s]ometimes the latter may be deemed valid or become validated even if prior approval had not been obtained'" (quoting Mayer v Crandall, 285 App Div at 728)]).

Insofar as the transfer of the subject property was voidable, not void ab initio, the plaintiff's cross-motion for summary judgment on the causes of action to quiet title to the subject [*5]property and for a judgment declaring that she is the sole owner of the subject property and that the deed is void ab initio must be denied.

The plaintiff's remaining contention regarding the statute of frauds need not be reached in light of our determination.

Accordingly, the order is reversed insofar as appealed from, on the law, and the plaintiff's cross-motion for summary judgment on the causes of action to quiet title to the subject property and for a judgment declaring that she is the sole owner of the subject property and that the deed dated May 14, 2004, by the defendant transferring the subject property to the plaintiff and the defendant as joint tenants with the right of survivorship, is void ab initio is denied.

DILLON, J.P., WOOTEN and GOLIA, JJ., concur.

ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's cross-motion for summary judgment on the causes of action to quiet title to the subject property and for a judgment declaring that she is the sole owner of the subject property and that the deed dated May 14, 2004, by the defendant Denise E. Rhiney transferring the subject property to the plaintiff and that defendant as joint tenants with the right of survivorship, is void ab initio is denied.

ENTER:

Darrell M. Joseph

Clerk of the Court

Footnotes

Footnote 1

The decedent's will named her nephew, Vincent Rhiney (hereinafter Vincent), as the executor. In the event that Vincent could not fill that role, the will specified that the decedent's sister, Frederica Dorothy White (hereinafter Frederica), should become executor of the will. At the time of the decedent’s death, it is undisputed that both Vincent and Frederica were deceased.

Footnote 2

The complaint alleges, inter alia, that the defendant obtained a loan from the defendant Wells Fargo Bank, N.A. (hereinafter Wells Fargo), which was secured by a mortgage on the subject property. Wells Fargo moved for summary judgment dismissing the complaint insofar as asserted against it, and the Supreme Court, in effect, denied the motion. Although Wells Fargo filed a notice of appeal, it withdrew its appeal. As such, this appeal does not address any issues with regard to Wells Fargo or its successor in interest.